### In re LEWKOWICZ.

(District Court, S. D. New York. April 28, 1909.)

ALIENS (§ 68*)—NATURALIZATION—DECLARATION OF INTENTION—AMENDMENT.

A declaration of intention to become a citizen, and to renounce allegiance, erroneously alleging that the alien was a native of France, when, in fact, he was a subject of the czar or emperor of Russia, could not be amended nunc pro tunc, either by the court in which the declaration was filed or by the petitioner so as to show the true fact.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 139; Dec. Dig. § 68.*]

On Final Hearing of Petition.

Hugh Govern, Asst. U. S. Atty..

HOUGH, District Judge. Lewkowicz executed a declaration of intent to become a citizen of the United States in April, 1905, in the

circuit court of St. Louis, Mo. According to the records of that court, he then deposed that he was a native of France, and it was his intention to renounce allegiance, etc., to the republic of France. The applicant, having removed to New York, prepared to execute his petition for final papers in this court, and then discovered that his declaration of intent was erroneous, in that he is not a native of France, but of Russia. Thereupon he employed an attorney, who procured from the circuit court aforesaid an order amending the declaration of intent by changing its entire substance so that as amended it reads that the declarant was a native of Russia, and that it was his intention to renounce all allegiance, etc., to the "empire of Russia." The applicant explains this occurrence by stating that he was born in Russian Poland, that before he was four years old he was taken to France, and with the exception of a few months spent in England he lived in that country until he came to the United States; that in 1905 he did not understand English at all well, and in making his declaration of intent he used an interpreter who asked him, not where he was born, but where he "came from." To this he replied "France," and the declaration was prepared for his signature and verification without further examination.

Under some of the decisions (Ex parte Smith, 8 Blackf. [Ind.] 395) even the amended declaration is insufficient, in that it declares Lewkowicz to be a subject of the Russian empire, and not of the czar or emperor of Russia. But I am further of the opinion that the so-called amendment was beyond the power of any court to grant. The declaration as drawn was a complete and intelligible document. It may not have been true—I do not think it was true—but such as it was it contained no clerical error, and it is going much too far to ask any court to correct the error of the applicant or his interpreter, and thus to manufacture an entirely new paper.

The statute, in substance, requires that a true declaration of intent must be executed and filed the requisite length of time before petition made. That was not done in this case, and the circuit court of St. Louis, Mo., cannot do it nunc pro tunc any more than can the petitioner himself.

Lewkowicz's application must be denied, without prejudice to renewal.