### Ex parte LANGE.

(District Court, E. D. Missouri, E. D. July 22, 1912.)

**1.** ALIENS (§§ 67, 70*)—NATURALIZATION—JURISDICTION.

The jurisdiction of courts in naturalizing aliens is conferred by statute and must be exercised in a special and summary manner, and its judgment can only be supported by a record showing facts necessary to confer jurisdiction.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 131–137, 146, 151, 154–160; Dec. Dig. §§ 67, 70.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. ALIENS (§ 68*) — NATURALIZATION — DECLARATION OF INTENTION — SUFFI-CIENCY.

A declaration of intention to be a citizen, which contains neither a re-nunciation, by name, of allegiance to the sovereign of whom declarant is a subject, nor a renunciation, particularly, of allegiance to the state of which he is a subject, does not comply with Rev. St. U. S. § 2165 (U. S. Comp. St. 1901, p. 1329), requiring declarant to renounce allegiance to any foreign sovereignty, and particularly by name the sovereignty of which he may be at the time a citizen or subject.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

3. ALIENS (§ 68*)—NATURALIZATION—STATUTES—CONSTRUCTION.

Though the naturalization laws must be liberally construed to enable those aliens who under the law are entitled to citizenship to acquire it, the prerequisites prescribed by statute in plain language cannot be dis-pensed with.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Application by Herbert Charles Lange for naturalization. Denied.

M. R. Bevington, Chief Naturalization Examiner, for the United States.

TRIEBER, District Judge. Petitioner's application for naturaliza-tion was accompanied by a certificate of his declaration of intention to become a citizen of the United States, of which the following is a copy:

"The United States of America, State of Texas, County of Galveston.

"County Court, Galveston County.

"Be it remembered, that on this, the *12* day of *Oct.* in the year of our Lord one thousand, eight hundred and *92*, before me, A. Waklee, clerk of the coun-ty court, in and for the county of Galveston, in the state of Texas, personal-ly appeared *Herbert C. Lange*, an alien, and on oath declared that he was born at *Germany* on the *18* day of *August, 1867;* that he emigrated to the United States on the *25* day of *Dec., 1872,* and further declared it to be, bona fide, his intention to become a citizen of the United States of America, and to renounce forever all allegiance and fidelity to any prince, potentate, state or sovereignty whatever, and particularly to * * * of whom he is a sub-ject.                              [Signed]   Herbert C. Lange.

"Sworn to and subscribed before me, the *12* day of Oct., A. D. *1892.*

"A. Waklee, Clerk County Court, Galveston County.   [Seal.]"

Then follows the certificate of the clerk that this is a true copy of the original declaration of intention.

The declaration was on a printed form; the words in italics being written in.

The act of Congress prescribing the requirements of such a declara-tion of intention is the first subdivision of section 2165, R. S. (U. S. Comp. St. 1901, p. 1329), and is as follows:

"He shall declare on oath before a Circuit or District Court of the United States, or a district or Supreme Court of the territories, or a court of rec-ord of any of the states having common-law jurisdiction, and a seal and clerk, two years, at least, prior to his admission, that it is bona fide his intention to become a citizen of the United States, and to renounce forever all al-legiance and fidelity to any foreign prince, potentate, state, or sovereignty,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and particularly, by name, to the prince, potentate, state or sovereignty of which the alien may be at the time a citizen or subject."

The declaration here presented, as will be seen, contains neither a renunciation of allegiance to the sovereign of whom he was a subject by name, nor does it renounce particularly allegiance or fidelity to the state of which he was then a subject. Is this omission of such a nature as to vitiate the declaration entirely?

[1] The jurisdiction of the courts to naturalize aliens is conferred by special statute, and is to be exercised in a special and summary manner, and not according to the rules governing courts in plenary proceedings. Usually these proceedings are ex parte, and the declarations of intention almost invariably ex parte. The law is well settled that in such cases a judgment can only be supported by a record which shows that all the facts necessary to confer jurisdiction existed, as no presumptions as to jurisdiction will be indulged. Harvey v. Tyler, 2 Wall. 328, 17 L. Ed. 871; Galpin v. Page, 18 Wall. 371, 21 L. Ed. 959; Morris v. Dooley, 59 Ark. 483, 28 S. W. 30, 430.

In Re Bodek (C. C.) 63 Fed. 813, Judge Dallas held:

"An applicant for naturalization then, is a suitor, who, by his petition, institutes a proceeding in a court of justice for the judicial determination of an asserted right. Every such petition must, of course, allege the existence of all facts and the fulfillment of all conditions, upon the existence and fulfillment of which the statutes which confer the right asserted have made it dependent, and I believe that the petitions usually presented conform to this rule."

[2] The Congress, in enacting this statute, for reasons which courts cannot inquire into, did not consider it sufficient to require of the alien merely a renunciation of allegiance to his sovereign and state in general terms, but, in addition to these general terms, prescribed the additional renunciation, "by name, to the prince, potentate, state or sovereignty of which the alien may be at the time a citizen or subject." In the declaration of intention now presented the petitioner wholly omitted this latter requirement. To hold that this omission is immaterial would, in effect, be an amendment of the act of Congress, by disregarding a material part of the statute, because, in the opinion of the court, it was unnecessarily or inadvertently inserted. No one, of course, will contend that the court possesses such power.

The applicant, although a native of Germany, may be a subject, or citizen of some other country; he may have been born there, while his mother, a subject of the Czar of Russia, was there on a visit; his father might have been naturalized in some other country when the applicant was a minor; or the petitioner might himself by naturalization have become a subject of some country other than that of his birth. An applicant may be a subject of a country with which the United States is at war, although not born there. These illustrations show that there are some reasons for the requirement that the renunciation be "particularly by name to the prince and sovereignty of which, at the time, he is a subject or citizen."

In Re Lewkowicz (D. C.) 169 Fed. 927, the declaration of the petitioner erroneously alleged that he was a native of France, and that it was his "intention to renounce allegiance, etc., to the Republic of

France," while, in fact, he was a native and subject of Russia. This error was held to be fatal, and the application for naturalization denied.

In Cummings, Petitioner, 41 N. H. 270, there was no allegation in the petition that it had been the bona fide intention of the applicant for three years next prior to his application to become a citizen of the United States, and it was held that, as the statute expressly requires such intention to be alleged and proved, the application was fatally defective.

In Ex parte Smith, 8 Blackf. (Ind.) 395, a declaration of intention omitting the name of the sovereign, being described particularly as "the Queen of Great Britain and Ireland," was held to be a sufficient compliance with the act of Congress. Assuming this to be a correct construction of the statute, it is distinguishable from the case at bar, as this applicant's declaration of intention not only omits the name of the sovereign, but also the country whose subject he is by nativity or naturalization.

[3] While the court is of the opinion that the naturalization laws should be liberally construed in order to enable those aliens who, under the law, are entitled to American citizenship, to acquire it, the prerequisites prescribed by Congress in plain and unambiguous language cannot be dispensed with by the courts, even if a hardship may result thereby to an individual. In this case the court has no doubt but that the error was that of the clerk before whom the declaration was made; but, as the law requires that a proper declaration of intention containing certain statements to be made under oath is a prerequisite to give the court jurisdiction, it cannot be disregarded.

In Re Lewkowicz, supra, the mistake seemed to have been made by the interpreter, the applicant at that time not understanding English, but the application was by the court denied.

As the applicant seems to possess the necessary qualifications for naturalization and gives promise of good citizenship, the application is denied without prejudice.