In re STACK.

(District Court, W. D. Missouri, W. D.   October 2, 1912.)

No. 443.

1. ALIENS (§ 68*)—NATURALIZATION—DECLARATION OF INTENTION.

Rev. St. § 2165 (U. S. Comp. St. 1901, p. 1327), provides that an alien, desiring to become a citizen, shall declare on oath, at least two years before his admission, that it is his bona fide intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly, by name, to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject. *Held*, that a declaration containing a general renunciation, but failing to renounce allegiance particularly, by name, to the prince, etc., to whom the alien owed allegiance, was fatally defective.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–146; Dec. Dig. § 68.*]

2. ALIENS (§ 68*)—NATURALIZATION—DECLARATION OF INTENTION—AMENDMENT.

The filing of the required declaration not being a judicial proceeding, the defect could not be cured by amendment nunc pro tunc.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–146; Dec. Dig. § 68.*]

Petition by Thomas Stack to be admitted as a citizen of the United States of America. Denied.

Hugh C. Smith, Asst. U. S. Atty., of Kansas City, Mo.

VAN VALKENBURGH, District Judge. On March 12, 1912, one Thomas Stack filed petition for naturalization in the United States District Court, at Kansas City, Mo. In support of said petition he offered as a compliance with the terms of the fourth paragraph of the second subdivision of section 4 of the act of June 29, 1906 (34 Stat. 596, c. 3592 [U. S. Comp. St. Supp. 1911, p. 532]), a declaration of intention of July 25, 1896, filed by him in the court of common pleas for Elk county, Pa. This declaration of intention of July 25, 1896, was executed under section 2165 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 1327), which provided that:

"An alien may be admitted to become a citizen of the United States in the following manner, and not otherwise:

"First. He shall declare on oath, before a Circuit or District Court of the United States, or a district or Supreme Court of the territories, or a court of record of any of the states having common-law jurisdiction, and a seal, and clerk, two years, at least, prior to his admission, that it is bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and, particularly, by name, to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject."

Stack's declaration of intention does not comply in terms with the statute above quoted, in that it fails to renounce forever all al-

legiance and fidelity, particularly by name, to the prince, etc., to whom he owed allegiance. The explanation is that this occurred through the carelessness of the clerk; and it is contended, first, that the declaration is sufficient, because it contains a general renunciation, which should be held to include the particular renunciation; and, second, that, even though insufficient, the declaration may be amended nunc pro tunc to conform to the facts.

[1] The various phases of the case here presented were carefully considered by the District Court for the Southern District of New York in Re Lewkowicz, 169 Fed. 927, and by Judge Trieber in the District Court for the Eastern District of Missouri, in Ex parte Herbert Charles Lange, 197 Fed. 769. I fully concur in the views therein expressed. Judge Trieber said:

"The jurisdiction of the courts to naturalize aliens is conferred by special statute, and is to be exercised in a special and summary manner, and not according to the rules governing courts in plenary proceedings. Usually these proceedings are ex parte, and the declaration of intention almost invariably ex parte. The law is well settled that in such cases a judgment can only be supported by a record which shows that all the facts necessary to confer jurisdiction existed, as no presumption as to jurisdiction will be indulged. * * , * The Congress, in enacting this statute, for reasons which courts cannot inquire into, did not consider it sufficient to require of the alien merely a renunciation of allegiance to his sovereign and state in general terms, but, in addition to these general terms, prescribed the additional renunciation 'by name, to the prince, potentate, state or sovereignty of which the alien may be at the time a citizen or subject.' In the declaration of intention now presented the petitioner wholly omitted this latter requirement. To hold that this omission is immaterial would, in effect, be an amendment of the act of Congress, 'by disregarding a material part of the statute, because, in the opinion of the court, it was unnecessarily or inadvertently inserted. No one, of course, will contend that the court possesses such power. * * * While the court is of the opinion that the naturalization laws should be liberally construed, in order to enable those aliens who, under the law, are entitled to American citizenship, to acquire it, the prerequisites prescribed by Congress in plain and unambiguous language, cannot be dispensed with by the courts, even if a hardship may result thereby to an individual."

This disposes of the contention that the general renunciation is sufficient in itself. Now, as to the power of the court to order an amendment nunc pro tunc. The objections to this are numerous and fatal.

[2] In the first place, the filing of a declaration of intention is not a judicial proceeding, nor is a declaration of intention a judicial instrument. Its amendment by any court is, therefore, impossible. In the second place, this declaration was made in a state court of Pennsylvania, while this petition was filed in a federal court in Missouri. This court is without power to amend an instrument of record in the Pennsylvania state court, or to order that court to cause such an amendment to be made. And, finally, the effect of this would be now to manufacture an entirely new paper—a jurisdictional paper, which has never existed in prescribed form, and which must have been in existence for the requisite period of at least two years before a petition for naturalization can legally be founded thereon.

In the Lewkowicz Case, supra, Judge Hough arrived at these conclusions. It follows that the declaration is insufficient, and that neither of the applicant's contentions in its support can be sustained.

Inasmuch, however, as it appears that the applicant possesses the necessary qualifications otherwise, and gives promise of good citizenship, the application is denied without prejudice to a future application, founded upon the prescribed legal requirements.