In re FRIEDL.

(District Court, E. D. Wisconsin. January 11, 1913.)

ALIENS (§ 68*)—NATURALIZATION—DECLARATION OF INTENTION—AMENDMENT.
   Where, by error of the clerk in taking petitioner's declaration of intention, it was stated therein that he was a subject of the emperor of Germany and renounced allegiance to that sovereign, when in fact he had been a resident of Austria-Hungary and was a subject of the emperor of Austria and the king of Hungary, the court, on hearing the application for citizenship, had no jurisdiction to order an amendment of the application nunc pro tunc so as to state the truth, but the application should be denied without prejudice to its renewal.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Application by Mathias Friedl for naturalization. Denied.

On the 13th day of July, 1912, the petitioner filed his application to be admitted as a citizen, alleging therein his allegiance, his birth in Eisenberg,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Austria-Hungary, March 20, 1866, and the other facts required by law to be set forth. Attached to and filed with such petition is a certified copy of an order of the United States District Court for the Western District of Pennsylvania, dated March 25, 1912, entitled: "In the Matter of the Petition of Mathias Friedl, a Declarant in Said Court at No. 6,655, for an 'order correcting said declaration," and is as follows:

"Per Curiam. Upon consideration of the petition of Mathias Friedl, it appearing to the court that he made a declaration of intention to become a citizen of the United States on the 17th day of July, 1908, numbered 6,655, as recorded in volume 19, page 255, of declaration of intention in the United States District Court for the Western District of Pennsylvania, and it further appearing that the said Mathias Friedl was born in the country of Austria and owes allegiance to Francis Joseph, emperor of Austria and apostolic king of Hungary, instead of being born in Germany and owing allegiance to the emperor of Germany, as set out in said declaration, and it further appearing that the error as to his birthplace and allegiance as given in said declaration is a clerical error and due to a misunderstanding on the part of the clerk recording said declaration: It is hereby ordered, that the clause reading, 'I was born in Eisenberg, Germany, on the 20th day of March, Anno Domini 1866,' be amended to read, 'I was born in Eisenberg, Austria-Hungary, on the 20th day of March, Anno Domini 1866,' and that the sentence, 'It is my bona fide intention to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly to William II, emperor of Germany, of which I am now a subject,' be amended to read, 'It is my bona fide intention to renounce forever all allegiance and fidelity to any foreign prince, potentate, state. or sovereignty, and particularly to Francis Joseph, emperor of Austria and apostolic king of Hungary, of which I am now a subject.'"

Merton A. Sturges, Chief Naturalization Examiner, of Chicago, Ill., for the United States.

GEIGER, District Judge (after stating the facts as above). The facts may be summarized thus: The petitioner's original declaration averred his place of birth to have been Eisenberg, Germany, and his intention to forever renounce allegiance particularly to "William II, emperor of Germany, of which I am now a subject." In truth he was born at Eisenberg, Austria-Hungary, and was, at the time of his attempted declaration, a subject of its sovereign. More than three years thereafter, the court receiving such declaration ordered its amendment to accord with the truth, reciting in such order that the "error as to his birthplace and allegiance as given in said declaration is a clerical error, and due to a misunderstanding on the part of the clerk recording said declaration."

There is at once suggested the basis of the government's challenge of the petitioner's right to citizenship, namely, noncompliance with the statute requiring the making and proof of a declaration of intention to become a citizen, and renunciation of allegiance to a particular foreign sovereign, and that the attempted amendment is wholly nugatory, because beyond the power of the court to grant it.

The alien's declaration of intention and its reception by a court, as prescribed in the statute, in no sense constitute a judicial proceeding, incident to which there resides in or is reserved control over either the declarant or the declaration. Nor is the power to receive the declaration to be considered as a grant of jurisdiction. It enables the alien to take a step imperatively prerequisite to a later special judicial pro-

ceeding. If the power of substantive amendment exist, then it must follow that naturalization can be effected in any case without amending an insufficient declaration; that is, if the declaration is insufficient, as not complying with the statute, the court, having the power to amend, may proceed to naturalize without amendment, and, while its judgment may be erroneous, it would not be void. It seems to me that such view would frustrate the whole act, because it would place the power of the court above the terms of the act. In a sense it may be said that, before the applicant can invoke the subsequent jurisdiction for an order of naturalization based upon the petition prescribed by the act, he must at his peril have complied with the exact terms of the section respecting his declaration of intention, and must also have seen to it that the precise and true declaration is received by the court and evidenced of record. It is a step embodying, not only the substantive elements specified, but one which, to avail, must be taken at or before a particular time. If a declarant or a petitioner may obtain the benefit of the act upon parol proof of his compliance with its terms respecting his declaration, then the latter become merely advisory, and the act as it has been construed in practice is really superseded and nullified.

The hardship resulting to the petitioner cannot be relieved against merely because it may appear that the error is clerical, and not his own. If the power to amend is to be recognized at all, its exercise may well be invoked in every case where facts are presented disclosing reasonable excuse or meritorious grounds for the exercise of a discretion. It may be noted, however, that in the present case the applicant can hardly claim to be wholly free from fault. As a matter of practice, a copy of the declaration has always been delivered to the declarant. It appears here that such copy, and doubtless disclosing upon its face the error complained of, was retained by declarant for about three years; and, if the merits of the amendment could be considered, declarant could not well claim to have been diligent.

I am well satisfied that the power to amend the declaration does not exist, and hence the government's objections, being based as they are upon a defect disclosed in a petition, are well taken. The views above expressed are fully sustained in other districts, notably In re Lewkowicz (D. C.) 169 Fed. 927, and In re Lange (D. C.) 197 Fed. 769, as well as In re Stack (U. S. District Court, Western District of Missouri) 200 Fed. 330.

The application for naturalization is denied, but without prejudice to its renewal.