## In re PERKINS.

### (District Court, S. D. New York. April 16, 1913.)

ALIENS (§ 70*) — NATURALIZATION — JUDGMENT — AMENDMENT — CHANGE OF NAME.

Where an alien was duly naturalized in 1898 as "Frederick Persky," and subsequently in 1912 had his name changed to "Perkins" by an order of the state court, a federal court, in which the naturalization judgment was entered, had no jurisdiction to permit an amendment thereof, so as to change the name of the petitioner from "Persky" to "Perkins."

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 146, 151, 154–160; Dec. Dig. § 70.*]

In the matter of the application of Frederick Perkins to amend his application to become a citizen and the order thereon admitting him to be a citizen of the United States, by changing the name of Frederick Persky to Frederick Perkins. Denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Max M. Katzen, for petitioner.

Henry A. Wise, U. S. Atty., of New York **City, and** Frank M. Roosa, Asst. U. S. Atty., of New York City.

WARD, Circuit Judge. The petitioner was duly naturalized as Frederick Persky in 1898, and subsequently, in 1912, had his name changed by order of the County Court of Kings county to Perkins. He now asks that the naturalization record be changed throughout by substituting the name "Perkins" for "Persky."

Admitting the general principle that after the term has passed the court cannot alter a judgment, he contends that this application is not to correct or change the record or the judgment in any substantial matter, but simply to make it conform to what is now the fact, viz., that Frederick Persky is now Frederick Perkins. Still it does seek to change the record, which speaks correctly, so as to make it speak incorrectly as of its date. The question is one of identity, and the petitioner will never have any trouble in proving the fact of his naturalization by producing the certificate of the County Court changing his name. This may cause him some annoyance, but that will arise from the fact that the record and judgment of naturalization speak the truth as of their date. I think the court is without power to do what is asked, in the absence of some statutory authority, such as is given, for instance, to courts of the state of New York in section 1251, Code of Civil Procedure.

The prayer of the petition is denied.