### In re SCHWARZ.

(District Court, E. D. Pennsylvania.   October 13, 1916.)

1. ALIENS ⬤➡68—NATURALIZATION—DECLARATION OF INTENTION—AMENDMENT.
   Declarations of intention to become a citizen, being confided by act of Congress to the custody of the clerk of the District Court, are part of the records of the court and may, as other such records, be amended.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ⬤➡68.]

2. ALIENS ⬤➡68—NATURALIZATION—DECLARATION OF INTENTION—AMENDMENT —EVIDENCE.
   As no record of the court should be changed unless the fact of error as it stands clearly appears, and the state of the record as it should be has been shown with like clearness, a declaration of an alien's intention to become a citizen cannot be amended as to the name, merely on the alien's testimony that owing to his lack of knowledge of English his name was not properly written and he did not discover the mistake.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ⬤➡68.]

---

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of the application of Karl Schwarz for naturalization. Sur petition to amend declaration of intention. Leave to amend denied.

Robert S. Shaw, of Philadelphia, Pa., for petitioner.
Thomas B. Shoemaker, Chief Naturalization Examiner, of Philadelphia, Pa., opposed.

DICKINSON, District Judge. The applicant is found to have complied with all the precedent conditions of admission to citizenship, except that he was not able to show the required preliminary declaration of intention to become a citizen. He met this with the explanation that he had in fact duly filed such a declaration, but through an error the name of Charles Summer was written as the signatory instead of his proper name, Karl Schwarz, and that the error was due to his then inability to read or write English characters, and he affixed his mark, supposing he was affixing it to his own name and not to the name there written.

To make this explanation effective, he now files his petition to have the declaration amended.

This application meets objection based on two grounds: One, the absence of power in the court to allow the amendment; and, the other, that the proofs of error are not sufficient to move the court to make the amendment assuming that it possessed the power to do so.

[1] The view advanced in support of the first ground of objection is that declarations of intention are no part of the records of this court, but are confided by the act of Congress to the custody of the clerk of the court as they might have been intrusted to any other United States official, and the mere coincidence that the designated custodian is also clerk of the court does not make the papers a court record. Any discussion of this question is uncalled for and out of place because it has already been determined, and we will follow the ruling as made.

[2] Respecting the second question, no record of the court should be changed unless the fact of error in the record as it stands clearly appears, and the state of the record as it should be has been shown with like clearness. The inconvenience to which an individual may be subjected is overborne by the wisdom of the general rule and the necessity for complying with it.

The record asked to be changed was made March 14, 1911. The evidence we have on which to change it is the statement of the applicant himself. The question presented in such a case is not one of the truth or sincerity of the applicant, but whether it is a wise or safe rule to change a record without requiring at least as high a measure of proof as would be required to reform any writing. Inconvenience to the applicant is to be regretted, but this consequence cannot be avoided.

Leave to amend is, accordingly, refused.