**In re AWN'S PETITION.**

No. 458.

District Court, E. D. New York.

Dec. 14, 1940.

Amy Wren, of Brooklyn, N.Y., for the motion.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., Eastern District of New York, (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), opposed.

CAMPBELL, District Judge.

This is a motion for an order directing the clerk of this Court to amend the petitioner's declaration of intention No. 290248 filed in this Court on January 19, 1940, by

changing the date of birth to August 15, 1903, and the age to thirty-six years.

The declaration of intention is not a paper filed in an action or proceeding in this Court, but is a paper required by statute to be filed with the Clerk, and in the taking and filing of a declaration of intention the clerk acts ministerially.

The petitioner cites in support of his application the following decisions in the District Courts: In re Markowitz, 233 F. 715; In re Schwarz, 236 F. 146; Ex parte Lange, 197 F. 769; In re Lewkowicz, 169 F. 927 and In re Stack, 200 F. 330. These cases show, as does Petition of Cohen, 53 F.2d 865, also a District Court decision, cited by the Government, that there was a diversity of opinion in District Courts throughout the country, as to the right of the Court to order an amendment of the declaration of intention, but that question has been finally settled by the Circuit Court of Appeals of this Circuit in United States v. Vogel, 262 F. 262, 265, by denying such power to the Court in a case involving an attempted change of name of the former sovereign of the alien in which the Court said:

"It was the intent of Congress to have such renunciation of the particular foreign sovereignty made contemporaneously with the execution and filing of each of the necessary instruments, and the court is without power later to permit a change to date back by granting an order nunc pro tunc.

"For the court to do so, we think, is reading into the statute a permission which is tantamount to a trespass upon the executive domain, nor can the court say which steps must be complied with and which may be omitted in compliance, and which may be corrected if error creep in. To permit such power in the court would frustrate the whole act; it would place the power of the court above the terms of the act."

That decision was followed by the District Court in the Southern District, in a case involving an attempted change of the date of the birth. Petition of Cohen, 53 F.2d 865.

That the amendment requested is a substantive one is readily apparent because with his age as stated in the declaration of intention, the petitioner being of the age of thirty-four years, was required to register under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., whereas if the amendment was allowed, he would be thirty-six years of age, and would not be required to register.

This Court is without power to grant this motion, but even if the Court had the power, much more would be required than merely an old passport. In re Schwarz, D.C., 236 F. 146.

Motion denied for lack of power and, if such power should be held to exist, then in the exercise of discretion.