## Petition of GARCIA.

### No. 1403 Misc.

District Court, W. D. Pennsylvania.
March 28, 1946.

Premo Columbus, of Pittsburgh, Pa., for petitioner.

Hyman Scher, of Pittsburgh, Pa., for Immigration & Naturalization Service.

GOURLEY, District Judge.

The petitioner, Emilio Leal Garcia, was naturalized in this court on June 1, 1938, and had issued to him Certificate of Naturalization No. 4505296. By his present petition, he now seeks to have this court change or correct the name as now appears on the naturalization records of this court to "Emilio Leal." The Government has filed an answer denying petitioner's right to such amendment.

This court did not have the opportunity of hearing the petitioner testify for the reason that the petition was filed on March 28, 1945, said proceeding having been heard on July 3, 1945, by the late Honorable Judge F. P. Schoonmaker who died prior to his adjudication of the issue joined therein.

The proceeding was duly assigned to this court who heard arguments of counsel on March 5, 1946. Suggested Findings of Fact and Conclusions of Law had been filed a short time subsequent to the hearing held on July 3, 1945, and this court in its discretion agreed to make disposition of the case on the record as it previously existed. This has been done in accordance with

Rule 63 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The following are the material and undisputed facts as disclosed by the petition and answer, and also by the testimony of petitioner given in the due course of the hearing upon his petition:

The petitioner was a native of Spain and arrived in the United States on November 24, 1920, at the Port of New York, New York, under the name of Leal Emilo, his certificate of arrival being Number 48752. On the 20th day of May, 1936, he filed his application for a certificate of arrival together with his declaration of intention to become a citizen. In this form, he set forth that he had arrived in this country in November of 1920, under the name of Emilio Leal Garcia, although the official records of the Immigration and Naturalization Service certify he arrived under the name of Leal Emilo. In the declaration of intention he set forth that the name of his father was Ciriaco Leal, and that the name of his mother was Aurea Garcia. This form was signed and sworn to as Emilio Leal Garcia.

On April 7, 1937, the petitioner filed his preliminary form for petition for citizenship, and set forth that he had arrived in this country on November 24, 1920, under the name of Leal Emilo. He explained in this petition that he had used the name Emilio Leal Garcia since his arrival for the reason that he had been told he should use his mother's maiden name, Aurea Garcia. In the statement of facts form to be used in filing the petition for citizenship, he set forth his name as Emilio Leal, also known as Emilio Leal Garcia. In answer to the question as to what his desire was, "If you wish to have your name changed, give full name you desire?" the name Emilio Leal was first written, but the original application appears thus: "~~Emilio Leal~~ (scratch out appears thusly on the application) Emilio Leal Garcia." This form after the scratch out was signed Emilio Leal Garcia.

His petition for naturalization was filed in this court on September 14, 1937, Docket Number 107060, and he set forth therein his name as Emilio Leal, known as Emilio Leal Garcia, and that he had arrived at the Port of New York on November 24, 1920, under the name of Leal Emilo. In the prayer of this petition he asks that he may be admitted to citizenship, and that his name be changed to Emilio Leal Garcia. He signed this petition Emilio Leal and Emilio Leal Garcia.

In connection with the affidavits of witnesses, the two individuals, who certified as to their acquaintanceship with the petitioner, stated that in one instance he had been known as Emilio Leal or Emilio Leal Garcia since 1923, and the other witness had known him as such since March 12, 1939.

On the basis of the above facts, citizenship was granted on June 1, 1938, under the name of Emilio Leal Garcia.

The comments which I have hereinabove made were taken from the official court records, and I will now refer to the testimony presented in support of the petitioner's claim to correct his name from "Emilio Leal Garcia" to "Emilio Leal."

Although the petitioner was naturalized on June 1, 1938, he did not realize his name was not certified as Emilio Leal until he went to vote sometime in 1939. He was later involved in an accident which hospitalized him for six months. After that time his inattention to the matter was purely neglect which continued until the proceeding now under consideration was filed on March 28, 1945.

After the entry of the petitioner on November 24, 1920, until his naturalization on June 1, 1938, he continuously used the name Emilio Leal and said name appears on the birth certificate of his child, his marriage certificate, his social security registration, in the conducting of his business and financial affairs, and this action also continues to the present time.

He also contends that he never requested his name to be changed to Emilio Leal Garcia and that where the request appears in his petition for citizenship, such reference was inadverently set forth and a mistake of the clerk who assisted in the preparation of the petition.

He also explained that in his mother country, Spain, when you sign an important legal document, it is customary to sign the mother's maiden name as the person's last name. That he must have misunderstood the clerk or the examiner, and that he never requested or desired his name changed from Emilio Leal to Emilio Leal Garcia.

The Government does not dispute the facts as above set forth, but it is opposed on

the theory that this court is without jurisdiction in any event to correct naturalization records after the term of court in which such records were made has expired, and when the alleged error is not the result of anything that the court itself has done but is a mistake of the petitioner himself.

The facts clearly show that when the petitioner arrived in this country, his name was certified as Leal Emilo. He also reversed this name and used Emilio Leal, which was inconsistent as far as his last name was concerned and the spelling of the first name which he used, that 'is, Emilio rather than Emilo. There is no question but what there was some question in his mind as to which name he should use in the naturalization proceeding since both names appear throughout. The court realizes that individuals applying for citizenship, through their lack of understanding and inability to understand English, place great and, in fact, almost absolute reliance on the clerks and representatives of the Government. Furthermore, the clerks who lend assistance do not have the time or opportunity to consider with exactness and thoroughness the various problems and responsibilities of the individual applicant. I can, therefore, readily understand how the Clerk who assisted this petitioner unintentionally and innocently, set forth the desire or intention of the petitioner to be naturalized under the name of Emilio Leal Garcia. I further believe that if time permitted and all the facts and circumstances were thoroughly understood and realized, the name Emilio Leal would have been set forth as the name under which the petitioner, Emilio Leal Garcia, desired his citizenship at the time his case was presented to the court for final consideration. The applicants are excited, ill at ease and sometimes puzzled, and this is understood for they are being given the greatest right and privilege which this Government can bestow on any person. In fact, the person is being reborn. Also the court is remindful of the fact that in the naturalization classes there are always a large number of persons. The Court accepts the recommendation of the examiner or the Government's legal counsel as to the desires or wishes of the individual applicants. As a result of this procedure existing, the court very seldom, if ever, questions the individual applicants as to their desires and this, no doubt, existed in this case.

There appears to be considerable conflict of authority as to the legal proposition involved in this proceeding. It is contended by the Government that this proceeding is governed by Section 6 of the Act of June 29, 1906, 34 Stat. 598, 8 U.S.C.A. § 396, which was the law at the time that the petitioner was naturalized on June 1, 1938, but which law was repealed by the Act of October 14, 1940, 8 U.S.C.A. § 732, said Act, providing, inter alia, as follows: That it shall be lawful, at the time and as a part of the naturalization of any alien, for the court in its discretion, upon the petition of such alien, to make a decree changing the name of said alien.

It is argued that since the Act used the words "at the time," it was the intention of Congress to limit the time of a decree to change the name to the time and session of court at which the naturalization took place.

It appears in the case of In re Holland, reported in D.C., 237 F. 735, 736, the petitioner, in accordance with the custom in Norway, was known in Norway as Olaf Johansen. He entered the United States in 1887, obtained a declaration of intention in 1892, filed a petition for naturalization in 1909, and was admitted to citizenship in 1910. All of these events occurred in the surname of Johansen, although the true family name of petioner was Holland. He was married in 1912 under the surname of Holland and in 1916 real estate was conveyed to his wife in the surname of Holland. He petitioned the Court in 1916 to amend the naturalization record to show his surname as Holland, contending that in the naturalization proceedings he inadvertently omitted the surname. The United States District Court for the Eastern District of Pennsylvania found that the omission of the family name Holland was not through accident or mistake and stated as follows:

"It therefore appears that what the petitioner is asking for now is, not a correction of a mistake in the record, but a change of his name to that which he might have adopted in Norway, or after leaving Norway. * * *

"The court is not given the discretion to change, at any time the name of a naturalized citizen, where either inadvertently or deliberately he failed to make the applica-

tion at the time and as a part of his naturalization. The court is without power to make the change upon this belated application. The inconvenience to the applicant may perhaps be overcome by an application to the court of common pleas."

The Court denied petitioner's request to amend the naturalization record.

In the case of In re Perkins, D.C.S.D., N.Y., 1913, 204 F. 350, 351, petitioner was duly naturalized as Frederick Persky in 1898 and subsequently in 1912 had his name changed by order of the County Court of Kings County to Perkins. In 1913 he petitioned the court to have his naturalization record changed by substituting the name Perkins for Persky. The Court denied his application, stating: ·

"I think the court is without power to do what is asked, in the absence of some statutory authority."

The number of recorded cases dealing with the question of the amendment in a naturalization record after the term of court has expired are few in number.

In the case of the United States v. Vogel, 2 Cir., 1919, 262 F. 262, 265, the Court, dealing with a request for the amendment of a petition to show the renunciation of allegiance to the correct sovereignty, states as follows:

"It is not within the power of courts, in our opinion, to vary this rule and permit the applicant at a later time to recognize his mistake and ask to change it, for to do so would be permitting the applicant to declare his intention of renunciation at a time other than when making his application."

It was also held in the following cases that the court had no authority to amend the petition and certificate of naturalization to show a petitioner's true age: In re Cohen petition, D.C., 53 F.2d 865; In re Awns petition, D.C., 36 F.Supp. 32.

In the case of United States v. Vogel, reported in 2 Cir., 262 F. 262, it was furthermore held that the Court had no right to order an amendment of a declaration of intention which involved an attempt to change the name of a former sovereign.

However, in the cases of United States v. Viaropulos, D.C., 221 F. page 485, and In re Denny, D.C., reported in 240 F. page 845, it was held that a mistake in the name of the sovereignty of which the alien is a subject can be corrected by an Order of Court where the mistake appears in the declaration of intention.

Under the provisions of Rule 60 (a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is provided that: "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

Under the provisions of Rule 60 (b) of the Rules of Civil Procedure it is provided that: "On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) to set aside within one year, as provided in Section 57 of the Judicial Code, U.S.C., Title 28, § 118, a judgment obtained against a defendant not actually personally notified."

Old Equity Rule 19, 28 U.S.C.A. § 723 Appendix, was substantially the same. Rule 6 (c) of the present Rules of Civil Procedure provides that: "The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the expiration of a term of court. The expiration of a term of court in no way affects the power of a court to do any act or to take any proceeding in any civil action which has been pending before it." And Rule 81 (a) (2) makes the Rules just quoted directly applicable to naturalization proceedings in that it provides that those Rules are applicable to such proceedings except to the extent that the practice herein is otherwise defined by statute.

 A proceeding for naturalization is essentially a judicial proceeding. Tutun v. United States, 270 U.S. 568, 46 S.Ct. 425, 70 L.Ed. 738. ·

Once we remove from a case any question of fraud, misrepresentation or improp-

er motive, it seems common sense to say that there is no sound ground for making a distinction between the right of a court, under the Rules just referred to, to alter its records for the purpose of correcting a mistaken entry when that entry has been made at the instance of the court itself, and when made as the result of the mistake of a party to the proceeding, provided clear and convincing proof is presented. No one questions the right and duty in the former case. Why should it be questioned in the latter? The underlying purpose in each case is the same, namely, to have the permanent records of the court disclose the actual facts.

It is the belief of the Court in this case that no fraud, misrepresentation or improper motive existed on the part of the petitioner in any way whatsoever. That the mistake in the name of the petitioner, as it was given at the time that his citizenship was granted, was a clerical mistake and that his request for the name of Emilio Leal Garcia was inadvertently set forth due to his lack of understanding and limited intelligence, and due to the apparent confusion which existed on the part of the clerk who assisted in the preparation of the various petitions which it was necessary for him to execute in order to be qualified for admission to citizenship. The Court is aware that generally such amendments should not be permitted once citizenship has been granted, unless the facts are clear and convincing that the mistake which appears was due to a clerical error or a misunderstanding on the part of the individual who assisted the applicant in the preparation of the various petitions which it was necessary for him to sign in order to meet the requirements of the law.

It is, therefore, the opinion of the Court that clear and convincing evidence definitely establishes the error which exists to be a clerical mistake. Said clerical mistake, without question of doubt, was not intentional but it was due to the misunderstanding of the Clerk who assisted the petitioner in the preparation of the various forms which he filed to qualify himself for admission to citizenship. It is the duty of the Court to direct the correction of the name of the petitioner by substituting in lieu of the name Emilio Leal Garcia, the name Emilio Leal. An order, will, therefore, be filed directing the Clerk of Courts to adjust and change the records accordingly.