### In re DENNY.

(District Court, S. D. New York. March 19, 1917.)

ALIENS ⬯68—NATURALIZATION—DECLARATION OF INTENTION—NAME OF FORMER SOVEREIGN—MISTAKE.

The requirement of Naturalization Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (Comp. St. 1913, § 4352), that the preliminary declaration of intention shall state, among other things, the name of the former sovereign, allegiance to whom the applicant is to abjure, is not jurisdictional; and where an alien, who had been naturalized in another country, named by mistake in his declaration the sovereign of his birth, he can be admitted on abjuring allegiance to the sovereign of his naturalization.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145.]

Application by Benjamin Denny for naturalization. Applicant admitted to citizenship.

The applicant, being born in Russia, lived in Natal, South Africa, and was naturalized as a subject of George V, king of Great Britain, on his own petition. His declaration of citizenship and his petition each asserted his intention to abjure his allegiance to the emperor of Russia. Upon final hearing upon his petition it transpired that this allegation in each document is erroneous, and that he must abjure allegiance to King George to be admitted, which he is willing to do, if allowed. There is no reason to suspect that the error was intentional, and no conceivable reason to assume that it was.

LEARNED HAND, District Judge (after stating the facts as above). I am sorry that I cannot agree with In re Lewkowicz (D. C.) 169 Fed. 927, In re Lange (D. C.) 197 Fed. 769, and In re Friedl (D. C.) 202 Fed. 302; but as none of these are authoritative, and as I entertain a quite positive belief, it seems to me that the applicant is entitled to its benefit, especially as only in this way can the matter be authoritatively determined for future guidance in this circuit. It is, however, proper for me to give some reasons.

The question is whether, when in his declaration and petition an applicant has honestly mistaken the name of the sovereign whose allegiance he means to abjure, he may, upon final hearing, abjure the proper sovereign, and, if necessary, correct the declaration and petition. At the outset I may observe that, unless there be some particular jurisdictional reason, every reasonable motive should allow the relief, which would be allowed at the present day in every other form of legal proceeding, so far as I know. No one wants gratuitously to impose upon naturalization proceedings that technical spirit which easily follows a literal application of so detailed a statute, and which results in vexatious disappointment, and in needless irritation, to a defenseless class of persons necessarily left to the guidance of officials, except in so far as the courts may mitigate the rigors of their interpretation. The decisions in question have, therefore, all depended upon the supposed jurisdictional nature of the requirement.

The section controlling the case is section 4, which provides the preliminaries upon which the citizen may apply for admission. The first formalty is the "declaration of intention" to become a citizen and to renounce his allegiance "to any foreign prince, potentate, state, or sovereignty, and particularly, by name, to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject." This must be at least two years before his admission, and must be followed by a petition, three months before his admission, which must repeat the earlier expression of his intention in the same words. Under our notions of national fealty, accepted in part by other nations, a subject may voluntarily and with the consent of his new sovereign change his allegiance. His own consent is to be manifested by his oath of abjuration and his oath of allegiance. Hence the critical fact for the change in allegiance is the oath; that is the definitive act by which

the change takes place, and perhaps even an innocent mistake in that is fatal. At least that question may be reserved. However, the applicant's prior declarations, either in the "declaration of intention" or in the "petition," are both mere preliminaries, designed to assure the new sovereign of the persistency of the applicant's purpose, and perhaps in a measure as well to identify him by his existing allegiance.

What part of these prescribed preliminary formalities shall be taken as jurisdictional, and what, as regulative, is entirely a fluid matter, depending upon the importance ascribed to anyone of them by the court. It is possible to treat literal compliance with every particular provision as an absolute condition sine qua non of any hearing, but such a meticulous temper does not suit a court. There is, indeed, no difference in the formal expression of the statute regarding any one of them which can serve as a distinction. No one, I suppose, would insist that a mistake in "declaration of intention" as to the age, occupation, personal description, place of birth, date of arrival, name of vessel, and present place of residence in the United States would be beyond correction. No one would insist that a mistake as to similar particulars in the petition was fatal to the petition; yet there is not a particle of warrant in the statute for assuming that these particulars go less to the jurisdiction that the one in question. Obviously, unless the rule is that every statement is vital to the whole, the court must determine from their character, which statements Congress intended to be crucial, and this must depend upon the substantive significance of the statement itself. The identity of the applicant certainly is in part determined by his former allegiance; but that is not conclusive, as appears from the allusion already made to the other identifying particulars. The only vitally necessary allegation in this connection is his explicit purpose to assume his new allegiance and to abjure his former sovereign, whatever he may suppose it to be. It would be an extreme of scholastic technicality to suggest that, where an applicant has twice asserted his intention to become a citizen of the United States and to renounce his fealty to the sovereign of whom he was then the subject, any doubt could be cast upon that intention because he had by mistake named the wrong sovereign. Yet just that is, as it seems to me, the necessary implication of the existing rule. With deference I cannot see any necessity arising from the statute for the supposed jurisdictional requirement, or any administrative convenience. I am not disposed, in the absence of both, to construe the statute so as to make pitfalls for applicants out of mere formalities.

The applicant will be admitted.