## In re HENNIG.

(District Court, E. D. New York. February 26, 1918.)

1. ALIENS ⊜⟩71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLATION OF CERTIFICATE.

A certificate of naturalization is not subject to cancellation because the applicant, in his declaration of intention and petition, misstated the year of his birth; there being nothing to indicate that such misstatement was intended as a willful misstatement of a material fact.

2. ALIENS ⊜⟩69—NATURALIZATION—CHANGE OF RECORD.

While an order admitting a person to citizenship is treated as a judgment, and cannot be subsequently changed or amended at a later term, purely clerical mistakes can be corrected; and hence an additional paper may be ordered filed, to show the correct age of the alien, misstated in his declaration of intention and petition.

3. CITIZENS ⊜⟩9—CHILDREN—NATURALIZATION OF PARENT.

Under Rev. St. § 2172, re-enacted by Act March 2, 1907, c. 2534 (Comp. St. 1916, § 4367), declaring that minor children dwelling in the United States become citizens on naturalization of their parents, where an alien father, on naturalization, omitted the name of a minor child residing in the United States from his papers, such child, though his name did not appear on the certificate, became a citizen, for the omission of his name did not affect the validity of his father's naturalization.

4. ALIENS ⊜⟩69—NATURALIZATION—CHANGE OF CERTIFICATE.

Where an alien father, on naturalization, omitted the name of a minor child, and such child became a citizen under Rev. St. § 2172, additional papers, showing the existence of the child, can thereafter be ordered filed, and a new certificate of naturalization, showing the true facts, issued on surrender of the old.

At Law. In the matter of the application of Paul Charles Henry Hennig for an order amending petition for citizenship and proceedings had thereon. Affidavits and exhibits allowed to be filed with the papers already filed, and issuance of a new naturalization certificate directed, upon surrender of the old certificate.

---

⊜⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Nugent & Nugent, of New York City, for petitioner.

Melville J. France, U. S. Atty., of Brooklyn, N. Y., opposed.

CHATFIELD, District Judge. Application for order amending petition for citizenship and proceedings had thereon.

[1] It appears that the applicant was born in 1874. He emigrated to the United States in 1906, and upon filing his declaration of intention gave his date of birth as 1879. Upon applying for final papers, he copied the date from the first papers, and made no attempt to correct the same. He now asks to amend his petition by stating the correct date of birth. This change would not affect the issuance of naturalization papers, as there is nothing to indicate willful misstatement of any material fact, nor should the papers be canceled for this reason. On the contrary, if the court's attention had been called to the error at the time when the applicant was admitted, the correct date of birth would have been noted upon the papers, and the petitioner's statement under oath, in correction of the same, added to the record.

[2] It has been the established rule of the courts in this circuit that an order admitting a person to citizenship could not be subsequently changed or amended by the same court, or another judge holding the court at a different term. The order has been treated as a judgment in this respect, but purely clerical mistakes can be corrected, even in a judgment (Johannessen v. United States, 225 U. S. 227, 32 Sup. Ct. 613, 56 L. Ed. 1066), or in any paper comprised in the record. A person admitted to citizenship can at any time apply to the court to have an additional paper filed, correcting a mistake in some other paper, which does not affect the judgment. This has in fact been done in many instances, where a person has been naturalized under an incorrect name, and a certificate has later been given by the clerk, that the order of admission to citizenship had, in fact, been granted under one name to the individual whose correct name was then given.

Examination of the naturalization statute shows plainly that the certificate given to the person naturalized is nothing more than a certified record of the proceedings, made by the clerk of the court. Under the present law, the form of this certificate is set forth in the statute, and requires the addition of certain facts, including the age, weight, height, etc., together with the names of minor children.

[3, 4] This brings us to the second portion of the present application. The petitioner had a son, born of a deceased wife, who was, at the time the petitioner was made a citizen, living in the United States, and who was then 19 years of age. Under section 2172, R. S., being the act of April 14, 1802, this son became a citizen of the United States. This provision was re-enacted, by Act March 2, 1907, 34 Stat. 1228, with the proviso that the citizenship of the minor child could not begin until the minor child began to reside permanently in the United States.

If the father omitted the name of one minor child from his papers, and if, therefore, the certificate of naturalization did not show the name of this child, the rights of the child would nevertheless be established by the law granting it citizenship upon the naturalization

of its father. This right could not be taken away by any omission, error, or mistake in the father's application, unless the father's citizenship was thereby invalidated. It would be impossible now for the son to be again naturalized, for he cannot forswear allegiance to another sovereign while a citizen of the United States.

The present naturalization law allows the issuance of a new certificate in the case of loss or destruction of the original. This court can allow the filing of any additional paper or testimony, upon satisfactory proof that it should be added to the record, and may then issue a certificate setting forth the correct facts as shown by the entire record. No change in the judgment allowing the father to become a citizen would thus be effected or could be made. The granting of such an application would not be limited to the power of the court to open or change its previous judgment, and could be predicated only on a surrender of the certificate previously granted, or proof of its destruction or loss.

In the case at bar, the son, Karl Paul Henry Hennig, is already a citizen of the United States and could by proof establish that status whenever it might be called in question. The prima facie evidence, the certificate, is not correct, but is nowhere in the laws of the United States made conclusive. Unless his father's papers are invalidated, this son is entitled to have the certificate changed so as to show the fact, when a proper record is presented.

Upon the present application the court will allow the affidavits and exhibits to be filed with the papers already on file in the father's application, and will direct the issuance of a new naturalization certificate showing the name of the additional child, upon surrender of the old certificate.