## Lissi's Petition

*Allen K. Grim,* and *Stevens & Lee,* for petitioner.

SCHAEFFER, P. J., March 9, 1931.—On October 20, 1923, the petitioner, Ludwig Lissi, a German citizen, declared his intention of becoming a citizen of the United States. On March 23, 1929, he filed his petition for admission to citizenship. This came on for hearing on November 14, 1929, at which time it was continued until February 4, 1930. At the hearing the examiner, representing the United States, produced a letter from the petitioner's brother, in which the petitioner was charged with alienating the affections of the brother's wife and of living in adultery with her. The petitioner admitted that the brother was living in Detroit, and that he was living in the same house as the brother's wife in the City of Reading. After consideration

of the allegations contained in the letter and the petitioner's own statements, the court, being of the opinion that it did not appear that the petitioner was of good moral character, dismissed his petition for naturalization. The petitioner was not represented by counsel, and, no doubt, was confused by the charges and offered no rational explanation of his relationship with his brother's wife.

On January 6, 1931, the petitioner filed a petition requesting the court to reopen his case and to give him an opportunity, by himself and witnesses, to present the true facts and to rebut the accusations of the brother. On February 3, 1931, the examiner from the United States contended that, as the term of court in which the decree denying citizenship had been entered had ended, the court was without authority to reopen the case or modify the judgment. After receiving briefs from both sides and due consideration, we are of the opinion that the government's contention must be sustained. The precise question arose in In re Petition of Jacob Simon Rosenzweig, 18 Schuylkill Legal Record 163, 70 Pitts. 638. In an able opinion, with which we fully agree, the court there held that the dismissal of a petition for naturalization is a judgment, and that the court is without authority to open that judgment after the expiration of the term in which it is entered. Similarly in In re Holland, 237 Fed. 735, the District Court for the Eastern District of Pennsylvania held that, after the expiration of the term, the record of naturalization could not be so amended as to change the name of the applicant. And in In re Hennig, 248 Fed. 990, it was held that an order admitting a person to citizenship is to be treated as a judgment which cannot be subsequently changed or amended at a later term.

The petitioner relies upon the case of Johannessen v. United States, 225 U. S. 227. In that case the petitioner had procured a certificate admitting him to citizenship in 1888. In 1908 the government, having discovered that the certificate of citizenship had been procured upon perjured testimony, proceeded under section fifteen of the Act of June 29, 1906, c. 3592, 34 Stat. at L. 596, 601, to have the certificate of citizenship canceled, and it was held that under the provisions of the Act of 1906 the United States had authority to move for, and the courts had authority to grant, a cancellation of the certificate of admission where it appeared that the certificate had been obtained by fraud. The Act of 1906 does not create mutual remedies, it vests authority in the United States to move for the cancellation of certificates of judgment at any time after they are granted, but in no way extends the rights of the petitioner. He is still bound by the rule that he must move to modify the decree within the term. In this case, Mr. Justice Pitney says that an examination of the record makes it plain that the proceeding for naturalization is not in any sense an adversary proceeding for the reason that it is the alien who applies to be admitted, who makes the necessary declaration and adduces the requisite proofs, and who renounces and abjures his foreign allegiance. But in that case, when the proceedings upon the application for admission were had in court, the government was not represented. It had, therefore, been obtained ex parte; the United States had not had its day in court. At page 237, Justice Pitney expressly states: "What may be the effect of a judgment allowing naturalization in a case where the government has appeared and litigated the matter does not now concern us." Accordingly, we do not consider this case an authority for the proposition that a naturalization proceeding may be reopened after the expiration of the term of court in which the decree for citizenship was entered, where the petitioner

and government have both appeared. That latter is not an adversary proceeding, and, as such, governed by the ordinary rule that the court is without authority to open or modify the judgment after the expiration of the term in which it was entered. "In the absence of statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term:" United States *v.* Mayer, 235 U. S. 55, 67.

And now, to wit, March 9, 1931, the petition to reopen the case is dismissed.

From Charles K. Derr, Reading, Pa.