### Petition of COHEN.

District Court, S. D. New York.
Nov. 2, 1931.

Supplemental Opinion, Nov. 13, 1931.

Murray H. Yachnin, of New York City, for petitioner.

George Z. Medalie, U..S. Atty., of New York City (David Paley, Asst. U. S. Atty., of New York City, of counsel), opposed.

CAFFEY, District Judge.

According to the petitioner, the following are the facts: He is the son of aliens. He was born abroad in 1904. In his declaration of intention to become a citizen of the United States, executed in 1922, by inadvertence he stated that he was born in 1901. This error continued throughout the naturalization proceedings. He was admitted to citizenship by this court in 1926. The certificate of naturalization recites his date of birth as 1901. He is now about to take a state civil service examination. He moves for an order (1) amending the court records, as well as the certificate of naturalization, so as to show that he was born in 1904, and (2) directing the naturalization clerk of this court to change the naturalization certificate so as to conform to the correct age.

I see no reason to doubt the representations of the petitioner. If true, the court should lend a ready ear to assist him to such extent as may be within its power.

■ At the argument, very properly the government challenged the court's power to grant the relief sought. If that question had not been presented by counsel, it would have been the duty of the court, of its own initiative, to raise it. The gratuitous and unsustained criticism of the Naturalization Service by petitioner's attorney is wholly without warrant.

Petitioner's attorney invokes, and as I understand bases his contention entirely upon, the inherent power of a court to correct its own records.

■ It is approximately five years since this court last had before it petitioner's application and admitted him to citizenship. It therefore has no further jurisdiction of that matter. It is true that it can correct its records, if it be shown that they contain clerical error by one of its officials in making up the entries of what actually occurred. On the other hand, if there was no such error, then, after the term has ended, it is without power to create a new record or to change the record so as to contradict or alter what in truth did take place. Gagnon v. United States, 193 U. S. 451, 24 S. Ct. 510, 48 L. Ed. 745. It has no power to do so, even by consent, after expiration of the 90 days' extension of the term at which it acted. Exporters of Mfr's Products v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

■ Here no official of the court, and I may add no official of the Naturalization Service, made any mistake. The records of this court and the naturalization certificate, so far as appears, conform precisely with every paper and every happening in this court and in the Labor Department. Hence there is nothing to correct. There is no occasion, or even excuse, for exercise by the court of its power to correct its own records.

The truth is that the only error that exists or that has ever existed is one that was made by petitioner himself. However sympathetic with him the court may be on that account, as yet I am unconvinced that there is any lawful method by which I can relieve him, or make an order affecting the court records of five years ago, or embodying instructions to the clerk with respect to recitals in the certificate of naturalization issued at that time. In basing the petition on the court's inherent power to amend its own records so as to

correct errors, I think the attorney for petitioner has confused errors committed by a party with errors committed by the court itself, or by one of its own subordinates.

Formerly there was a difference of opinion among the judges of this court as to whether, in advance of naturalization and during the pendency therein of direct application therefor, there is power by amendment to cure defects in papers required by the Naturalization Law as a condition to admission to citizenship. It was finally settled by the Court of Appeals for this circuit, in a case involving an attempted change in the name of the former sovereign of the alien, that there is no such power. United States v. Vogel, 262 F. 262. Theretofore the District Court for the Eastern District of New York, upon affidavits establishing that in naturalization proceedings at a term of court some years previously an applicant by error had misstated his age and had omitted the name of a minor child, directed "the issuance of a new naturalization certificate showing the name of the additional child, upon surrender of the old certificate." In re Hennig (D. C.) 248 F. 990, 992. It was also said (page 991 of 248 F.) that if, "at the time when the applicant was admitted," the attention of the court had been called to the mistake as to age, "the correct date of birth would have been noted upon the papers, and the petitioner's statement under oath, in correction of the same, added to the record;" but, so far as appears, there was no formal correction of the court records, or alteration in the new certificate, of the age of the alien.

The Hennig Case was decided in February, 1918; the Vogel Case, in December, 1919. It may well be questioned whether the latter does not in effect overrule the former. Moreover, the opinion in the former does not explicitly discuss the issue now under consideration of the court's power long after the expiration of the term, but consists chiefly of an analysis of the naturalization statute.

My impression is that this court is without power to grant the petitioner all or any of the relief he wishes. Inasmuch, however, as the attorney for the petitioner has not either in oral argument or in his two briefs gone fully into the points discussed above, he may be heard further if he desires, provided he gives notice to his opponent by November 4. In that event, let briefs be exchanged by November 9, reply briefs exchanged by November 11, and all papers submitted at my chambers by November 12.

If no additional brief be furnished me, the motion will be denied, and an order accordingly may be settled on one day's notice.

Supplemental Opinion.

I have examined the further briefs, submitted in compliance with my memorandum of November 2.

In addition to what I have previously said, I concur in the view of the United States attorney that the power invoked would be capable of great abuse in the ways he points out. Petitioner has produced nothing in his supplemental argument to convince me that the court has power to amend its records in the way asked for. On the contrary, I do not think that the court has such power.

Motion denied.