Maurice Wahl, J.
Petitioner is an American-born citizen over 27 years of age and is employed in a nursing home in the City of New York. He seeks not only to disavow the faith and tenets of his church and his forebears but also his patronymic. Hence he now applies for judicial approval for the renunciation of his natal appellation, Earl Breen, pursuant to section 60 et seq. of the Civil Bights Law, and desires to be known as Merwon Abdul Salaam because he has embraced the Islamic faith.
A cursory research into the name which the applicant desires to assume indicates that Merwon is the name of a well-known caliph, the spiritual and civil head of a Moslem State, Abdul is a servant of God, and the cognomen Salaam denotes an oriental salutation made with a low bow and the word itself is derived from the Hebraic noun Shalom, meaning peace.
" The contention advanced by the petitioner, that great confusion and unnecessary explanations among his friends and newly discovered religionists will result if he is known by two different names, is without merit. Confusion will be caused in any event by the assumption of a name which is so unlike his own.
The Constitution permits complete freedom of religion and worship, and whatever charm the new religiosity may have for him is not for this court to inquire; but to adopt such a strange and unfamiliar name gives one pause.
*607 The constitutional right, however, bears no reasonable relationship to a change of name nor is a ‘ ‘ change of name an essential part of the practice of religion” (see Matter of Wing, 4 Misc 2d 840). The pertinent sections of the Civil Bights Law are not the exclusive method of name change. The common law, in the absence of fraud or other like evasion of obligations, permits the free use of any name a person may choose. The proudest patronymic in the land is available to the lowliest individual, and this without anyone’s permission. (Vide Kabotchnick, 2 N. Y. L. Rev., Jan., 1924, “ What’s in a Name.”) The statutory invocation is not mandatory; it is but a cumulative procedure and not a restriction (Matter of Wing, supra; Lana v. Brennan, 124 N. Y. S. 2d 136; Matter of Jama, 51 Misc 2d 9, where a similar application, to prefix von to the surname, was denied by this court; Matter of Filoramo, 40 Misc 2d 598; Matter of Cohen, 163 Misc. 795; Matter of Johns, 29 Misc 2d 31; Matter of Weinberg, N. Y. L. J., Aug. 30, 1967, p. 19, col. 7). For a comprehensive and historical review on this subject see Smith v. United States Cas. Co. (197 N. Y. 420) and Matter of Snook (2 Hilt. 566).
Variant decisions on this type of application are neither persuasive nor binding.
Although this court respects and approves the constitutional regard for religious freedom and finds no fault with petitioner’s desire to embrace the Islamic religion, it does not, however, require court approval for the change of name, which is discretionary. That is a choice that petitioner may make under the common law.
A name is a word or a combination of words by which an individual is known or designated. The legal name of an individual consists of a given or baptismal name, usually assumed at birth, and a surname deriving from the common name of the parents. What was so succinctly stated by the court in Matter of Johns (supra), is applicable here.
Petitioner should realize that he bears an honored name and should not hide his original identity by the assumption of another name totally and strangely different from the one he has borne since birth. Paraphrasing what this court stated in the Matter of Jama (supra), the petitioner should measure himself by the American standard and be proud not only of being an American citizen but manifest esteem for the honorable name by which he has been known for nigh a generation.
Green is a name that possesses an American echo in politics, government, finance, in peace, and in war. The Bevolutionary War produced the Green Mountain boys, who so valiantly fought *608 and bled for their, and now our, glorious country. Their cause was a common bond in the formation of the greatest democracy known in the modern world. The blood spilled by the great American patriots should not be despoiled by strange and foreign adaptions.
This birthright should not conceal itself behind such an alien shield. It has sufficient buoyancy to float upon the sea of time and in years to come the petitioner may hopefully add luster to the name of Green. The application is denied.