Application of Woodrow **CHAN,** For an Order amending and correcting the Certificate of Naturalization so that the same should reveal his true birth date and for a change of name.

No. 606232.

United States District Court, S. D. New York.

Sept. 29, 1976.

Maurice F. Kiley, Dist. Director, Immigration and Naturalization Service, New York City; by Nina Rao Cameron, New York City, of counsel.

Woodrow Chan, pro se.

### MEMORANDUM DECISION

WERKER, District Judge.

In accordance with 8 C.F.R. § 334.16(b) (1976), Woodrow Chan has applied to this

court for an order amending his petition for, and certificate of, naturalization. He desires to have his name changed to Chan Chung and the entry for his date of birth changed to July 12, 1919. From the papers before me, it appears that the petition and certificate presently list his birth date either as July 2, 1909 or July 12, 1909. The Immigration and Naturalization Service is opposed to the proposed amendments.

Chan explains that he used the name Woodrow Chan in his petition for naturalization because it was easier than Chan Chung for native-born Americans to pronounce. It was of course lawful for Chan to change his name at the time he filed his petition.[1] Although he now regrets that decision, finding that most of his associates are unable to pronounce the name "Woodrow," I am unwilling to alter the name which appears in his naturalization papers. See *Petition of Garcia*, 65 F.Supp. 143 (W.D. Pa. 1946).

Chan retains his common law right to adopt any name he wishes provided that its use constitutes neither fraud nor interference with the rights of another. *Smith v. United States Casualty Co.*, 197 N.Y. 420, 90 N.E. 947 (1910); *Application of Green*, 54 Misc.2d 606, 283 N.Y.S.2d 242 (Civ.Ct. 1967). He may also petition the courts of this state for leave to assume another name. N.Y.Civil Rights Law § 60 (McKinney 1948). If such a petition is granted, he may then apply to the Attorney General of the United States for a new certificate of naturalization. 8 U.S.C. § 1454(d).

Chan's proposed modification of his recorded birth date is a more interesting problem. This is not a case where the petitioner seeks to add to his years in an effort to hasten the availability to him of government benefits for senior citizens.

1. 8 U.S.C. § 1447 provides that:

"(f) It shall be lawful at the time and as a part of the naturalization of any person, for the court, in its discretion, upon the bona fide prayer of the petitioner included in the petition for naturalization of such person, to make a decree changing the name of said person, and the certificate of naturalization shall be issued in accordance therewith."

Indeed, if his application were granted Chan would be ten years younger in the eyes of the the government.

Chan says that he never paid any attention to his recorded date of birth from the time of his arrival in the United States until the Spring of 1966. Then, while on a visit to Hong Kong, he claims to have learned from his older sister Kam that he was born in the Year of the Sheep. Upon consulting a Gregorian calendar he determined that to be the year 1919. Since than Chan has used July 12, 1919 whenever he has had to record his birth date. To support his claim, he has supplied the court with his own translation of a recent letter from his sister Kam. It confirms that he was born on the twelfth day of the fifth month in the Year of the Sheep, but notes her inability to convert that to an equivalent date on the Gregorian calendar.

If, as Chan suggests in his affidavit, the birth date entry on his petition for naturalization resulted from a clerical error, I would be inclined to order an amendment of his petition in accordance with the Code of Federal Regulations. On the affidavits before me, however, I find that there has been no error in recording Chan's birth date. INS records indicate that his original petition for naturalization listed July 2, 1908 as his date of birth. At his request an examiner changed the date to July 2, 1909. Several of his acquaintances have told INS that Chan's wedding took place in 1928. If that is so and if he was born in 1919, he was betrothed at the tender age of nine.

More importantly, the exhibits produced by Chan establish that the Chinese calendar contains twelve recurrent signs. Since Chan's only information about the date of his birth comes from his sister and she remembers only that he was born in the Year of the Sheep, he might have been born in 1895, 1907 or 1919. Given his frequent use of 1909 as the year of his birth, if he was in fact born in the Year of the Sheep, the proper year is more likely to be 1907.

While INS has not conclusively shown that Chan is pulling the wool over my eyes, Chan has not shown any compelling reason for the change in birthdate to be made. For the reasons given, the application is, in all respects, denied.

SO ORDERED.