77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In the Matter of Connie Hoang SHREWSBURY.
Connie Hoang SHREWSBURY, aka Mai Thi Dao; aka Be Thi Dao;
aka Be Thi Shrewsbury, Petitioner-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent-Appellee.
 No. 94-16736.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided Feb. 12, 1996.
 
 Before: ALDISERT,* SCHROEDER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Connie Hoang Shrewsbury appeals the district court's order denying her motion to amend her petition for naturalization in order to reflect her true birth date. In Shrewsbury's motion, she explained that she had taken the name and birth date of her older sister when she married in Vietnam. She further explained this was done for the purpose of permitting the marriage and thereby enabling her to come to the United States as the wife of an American citizen. Shrewsbury's petition for naturalization was granted by the district court in 1981, and this motion was filed in 1994.
 
 
 3
 The district court denied the motion on two grounds. First, it held that it lacked jurisdiction under the current Immigration and Naturalization Act, because 8 U.S.C. § 1451(h) authorizes only the Attorney General to amend naturalization orders. We conclude the district court erred in this regard. The provision upon which the district court relied became effective as one of the extensive amendments to our immigration law contained in the Immigration and Naturalization Act of 1990. At that time, Congress transferred the authority to naturalize citizens from the judiciary to the Attorney General. Prior to the enactment of that legislation, district courts had jurisdiction to naturalize citizens and also had statutory authority to amend naturalization orders. See 8 U.S.C. § 1451(i) (1990). Because the order naturalizing this petitioner was a court order, the court had jurisdiction under the prior statute to amend it.
 
 
 4
 The district court also went to the merits, ruling that even if it had jurisdiction, it would not grant Shrewsbury's motion because she sought amendment in order to correct a deliberate falsehood. In this respect, we agree with the district court's decision and therefore affirm its judgment.
 
 
 5
 On appeal, Shrewsbury offers a number of citations of cases decided under applicable law in which courts granted requests for amendment of naturalization orders. Virtually all involved clerical errors. See In re Denny, 240 F. 845, 846 (S.D.N.Y.1917) (finding that petitioner was "honestly mistaken"); In re Hennig, 248 F. 990, 991 (E.D.N.Y.1918) (finding that there was "nothing to indicate willful misstatement of any material fact"). The one case in which a court acted to correct a substantive error, the court did so because it rejected the INS's position that the misstatement had been a deliberate falsehood. See Application of Levis, 46 F.Supp. 527, 528 (D.Md.1942). There is no authority supporting the proposition that a court can amend a naturalization order to correct a petitioner's deliberate falsehoods.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting be designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3