**Badi VARGHAI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, DISTRICT DIRECTOR, Respondent.**

No. 96–MC–96.

United States District Court, D. Oregon.

Aug. 6, 1996.

Soheila Azizi, Law Offices of Abbas Hadjian, Sherman Oaks, CA, for Petitioner.

David Beebe, District Director, Immigration and Naturalization Service, Portland, OR, Roseanne C. Sonchik, District Director, Immigration and Naturalization Service, Las Vegas, NV, for Respondents.

*OPINION AND ORDER*

ROBERT E. JONES, District Judge:

### FACTS

Petitioner, Badi Varghai, a native of Iran, became a naturalized citizen of the United States in Portland, Oregon in 1988. At the time of his naturalization, petitioner's birth date was listed on his birth certificate as well as on other documents. However, all of petitioner's applicable documents were in Farsi (Persian) and his birth date was listed as 25/7/1313 of the Iranian Solar Calendar. The Iranian government agency which issued petitioner his passport incorrectly converted the Farsi date to October 15, 1939 of the Georgian calendar. Petitioner used that birth date for all of his naturalization documents as well as for all other official documents because he did not know the conversion system for the Iranian Solar Calendar. In 1994, petitioner sent his passport to the Interest Section of the Islamic Republic of Iran for renewal. It was at that time that he

received documents with his birth date correctly translated as October 15, 1934.

Petitioner proceeded to take steps to correct the information on his official documents including his driver's license and Social Security documents. Petitioner had no trouble getting his birth date changed by other agencies because he produced a large volume of documentation to demonstrate his correct birthday. In fact, the Social Security Administration has changed his birth date on its official records—they now reflect the 1934 birth date. However, petitioner ran into problems when he sought to have his information changed by the Immigration and Nationalization Service ("INS"). Petitioner filed a Request to Replace Naturalization Certificate (Form N–565) with the INS office in Las Vegas, Nevada; which had jurisdiction over petitioner at that time, as required by the federal regulations. The request was denied and petitioner then filed a Motion to Reopen in June of 1994. No action was taken on this motion until November of 1995 because the INS took the position that the Federal District Court in Portland, Oregon was the proper forum for this matter. Finally in November of 1995, petitioner's motion was rejected.

Evidently, through various letters and phone conversations, the Portland INS office informed petitioner that the INS office in Nevada had custody of the actual file and that requests to make changes should be addressed to that office. However, the Nevada office refuses to amend the information as requested, unless petitioner obtains a court order from the court originally exercising jurisdiction over his naturalization, which is this court.

## ANALYSIS

The Federal Regulations state "[a]ny amendment will be limited to the correction of clerical errors arising from oversight or omission * * * [a]ny substantive amendments which affect the jurisdiction or the decision on the merits of the application will not be authorized." Amendment of Application for Naturalization; Reopening Proceedings, 8 C.F.R. § 334.5(a)(3), (b) (1996). With regard to amendments of petitions for na-

tionalization, the federal regulations state "[n]o objection shall be made to the amendment of a petition for naturalization after the petitioner for naturalization had been admitted to citizenship if the motion or application is to correct a clerical error arising from oversight or omission." Amendment of Petition for Naturalization, 8 C.F.R. § 334.16(b) (1996). Finally as to correction of certificates, the federal regulations state:

> [t]he correction will not be deemed to be justified [by the Immigration and Nationalization Service] where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of naturalization.

Correction of Certificates, 8 C.F.R. § 338.5(e) (1996). However, the regulations give the court the power to order amendments to the petition for naturalization in Amendment of Petition for Naturalization, 8 C.F.R. § 334.16(b) (1996) which states "[w]hen the court orders the petition amended, the clerk of court shall transmit a copy of the order to the district director for inclusion in the service file." *Id.*

The regulations are resistant to changing birth dates for any reason other than clerical error on the part of the U.S. officials. Indeed several courts did not allow petitioners to change either their dates of birth or their names. *See In re Konsh's Petition,* 188 F.Supp. 136 (E.D.N.Y.1960) (did not allow petitioner to change his date of birth on his certificate where petitioner gave no reason for the misstatement of his birth date on his application); *Petition of Cohen,* 53 F.2d 865 (S.D.N.Y.1931) (court did not allow amendment of petitioner's birth date where the only mistake was the inadvertent misstatement by petitioner of his birth date during the application process); *Application of Chan,* 426 F.Supp. 680 (S.D.N.Y.1976) (court did not allow change of birth date where petitioner's only evidence of a mistake was a belief by his sister that petitioner was born in the Chinese year of the Sheep rather than in another year, however the year of the sheep encompassed the year 1907 rather than 1909, the

year to which petitioner was seeking to change his birth date). Each of these cases is distinguishable from the case at present. In this case, petitioner produced a wealth of evidence that 1934 is his correct birth date, he explained that he listed 1939 due to the statement of the Irani government and that he did not know the conversion system. Petitioner declared that he relied on the translations of the Irani government in listing 1939 as his birth date.

I find the case of *Petition of Garcia*, 65 F.Supp. 143 (W.D.Pa.1946), to be more analogous to this situation. In *Garcia*, petitioner sought to correct the name on his naturalization certificate. As in this case, petitioner produced ample evidence that his name was not correct on his certificate. Furthermore, petitioner explained that he was confused and misunderstood the U.S. clerk when he was filling out his documents. The court held that petitioner should be allowed to correct the mistake. In so doing, the court stated:

> [t]he court realizes that individuals applying for citizenship, through their lack of understanding and inability to understand English, place great and, in fact, almost absolute reliance on the clerks and representatives of the Government * * * [t]he applicants are excited, ill at ease and sometimes puzzled, and this is understood for they are being given the greatest right and privilege which this Government can bestow on any person.

*Id.* at 145.

Although the court was referring to U.S. government officials in its reasoning, the same can be said of petitioner's faith in Iranian officials in this case. Petitioner trusted the Iranian government agency to correctly translate his birth date from the Iranian Solar Calendar as petitioner could not do so himself.

## CONCLUSION

Petitioner has gone to great lengths to get his date of birth changed. He provided this court with ample evidence that the mistake made on his certificate was not made with an improper motive or with the intent to commit fraud or misrepresentation. Therefore, the INS is ordered to change the date of petitioner's birth on his certificate to October 15, 1934.