**Chomsy KOUANCHAO, Petitioner,**

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. CIV. 04–51MJDJGL.**

United States District Court,
D. Minnesota.

Feb. 22, 2005.

Roy D. Hawkinson, Hawkinson Law Office, Counsel for Petitioner.

Perry F. Sekus, Assistant United States Attorney, Counsel for Respondent.

## MEMORANDUM OF LAW & ORDER

DAVIS, District Judge.

## I. INTRODUCTION

The above-entitled matter comes before the Court upon the Report and Recommendation of Chief United States Magistrate Judge Jonathan Lebedoff dated December 29, 2004. Petitioner filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review the Court declines to adopt the Report and Recommendation.

## II. FACTUAL BACKGROUND

According to Chomsy Kouanchao,[1] although her Certificate of Naturalization states that her birth date is September 5, 1945, her true birth date is September 15, 1942. In 1978, while Kouanchao was in Thai custody after having fled Laos, Kouanchao's cousin prepared documentation for the Thai government misstating Kouanchao's birth date as September 5, 1945. At that time, Kouanchao possessed no documentation stating her birth date. After 1978, Kouanchao incorrectly relied on the only available document regarding her birth date, which contained her cousin's mistake regarding the year of her birth. She used the 1945 birth date in all of her immigration and naturalization documents submitted to the United States government. In 1985, Kouanchao obtained a Certificate of Naturalization, which stated that her birth date was September 5, 1945.

In 1988, Kouanchao's sister, who lived in Laos, sent Kouanchao her school identification card, which contained the 1942 birth date. In 1993, Kouanchao obtained a delayed Laotian birth certificate with the corrected birth date. The birth certificate bears the signatures of three persons verifying her 1942 birth date. Kouanchao then obtained a corrected Minnesota driver's license and a corrected Social Security Card. In 1999, Kouanchao signed an Affidavit of Support in favor of sponsoring her relatives as immigrants to the United States. In that affidavit, she stated that her date of birth was September 5, 1945. When Kouanchao's passport expired in March 2003, she was unable to obtain a renewed passport because the birth date on her expired passport and Certificate of Naturalization did not match the birth date on her driver's license.

## III. DISCUSSION

Kouanchao bears the burden of showing that the date on her Certificate of Naturalization is incorrect and that September 15, 1942, is her correct date of birth. *See, e.g., In the Matter of the Application of Ohanian,* No. Misc. 93–218(RJD), 1995 WL 62733, at *2 (E.D.N.Y. Jan. 31, 1995) (unpublished) (holding that "the burden is on the petitioner to demonstrate that the birth date on the Certificate of Naturalization is not correct"). The Government correctly notes that throughout the immigration process, Kouanchao swore multiple times that the 1945 birth date was correct. However, after fleeing a war-torn nation and possessing no other documentation containing the correct date, it would have been reasonable for her to assume that confirmation of her exact birth date would have been difficult, if not impossible. *See Application of Levis,* 46 F.Supp. 527, 528–29 (D.Md.1942) (granting petition to change birth date on petitioner's naturalization

---

[1]. Throughout the record, Petitioner's name is alternately spelled "Kouachao" and "Kouanchao." Because Petitioner's identifying documents, from her Certificate of Naturalization to her driver's license, identify her as "Kouanchao," the Court will use that spelling.

records because, although "petitioner admits that he knew the date which he gave as the date of his birth was not accurate," petitioner's acts constituted "carelessness rather than wilful misrepresentation" because "[i]t was not unnatural for him to have assumed that verification of the exact date of his birth was difficult, if not impossible").

The Government is also correct that delayed birth certificates offer the opportunity for fraud. In this case, however, the delayed birth certificate contains the signatures of three witnesses with knowledge of Kouanchao's birth date. As in *Levis*, the certifications of those who claim to have witnessed Kouanchao's birth are unimpeached. Kouanchao also provides her Laotian school identification card issued in the 1960s, which contains the same 1942 birth date. "They may not be the best evidence, but they substantiate petitioner's own testimony which, standing alone, has the mark of truth and sincerity." *Application of Levis*, 46 F.Supp. at 529. *Cf. Liu v. I.N.S.*, No. 98–MC–139, 1998 WL 809037 (N.D.N.Y. Nov.17, 1998) (unpublished) (dismissing petition without prejudice so that petitioner could gather additional evidence when her only evidence of her true birth date was a Chinese language Household Registration Certificate accompanied by an unauthenticated translation of that document). Although delayed birth certificates do present the opportunity for fraud, this is not an instance in which the Government has provided any documentary evidence to contradict Kouanchao's birth certificate and identification card, aside from Kouanchao's immigration documents. *Cf. In the Matter of the Application of Ohanian*, 1995 WL 62733, at *2 (finding that petitioner lacked credibility based on her testimony and on the Government's presentation of the following documentary evidence: an earlier-issued birth certificate, a marriage certificate, the petitioner's INS applications, and a biographic and medical report from 1979).

Although it would have been preferable for Kouanchao to have not used the incorrect birth date in the first place, or to have corrected the mistake at an earlier time, the passage of time does not bar her application. The Government has not asserted that it suffered any prejudice from the lapse of time.

The Government does not allege that Kouanchao intentionally misled it or that she received any benefit by misstating her year of birth during the immigration and naturalization process. *Compare In re Hennig*, 248 F. 990, 991 (E.D.N.Y.1918) (granting petitioner's request to change the year of birth stated on his naturalization papers from 1879 to 1874 because the change "would not affect the issuance of naturalization papers, as there is nothing to indicate willful misstatement of any material fact"), *with Matter of Shrewsbury*, No. 94–16736, 1996 WL 64988, at *1 (9th Cir. Feb.12, 1996) (unpublished) (refusing to alter birth date when petitioner originally lied about her birth date in order to be eligible for marriage, and thus, for United States citizenship). If Kouanchao is now permitted to change her birth date on her Certificate of Naturalization, she will not gain additional government benefits; the Social Security Administration has already accepted that her birth year is 1942. *Cf. In re Konsh*, 188 F.Supp. 136, 137–38 (E.D.N.Y.1960) (refusing to alter birth date when petitioner did not "state what harm he might suffer if the change is not now made," but court noted that if it made the requested change, petitioner could obtain Social Security benefits four years earlier).

The Court cannot imagine, and the Government has not mentioned, any consequence arising from changing Kouanchao's birth date on her Certificate of Naturaliza-

tion other than her ability to renew her passport. To punish Kouanchao because she cannot produce a contemporaneously issued birth certificate, when the Government's evidence states that "[d]ocuments regarding events that took place [in Laos] before 1975 are unavailable," or because two of the witnesses to her birth were children at the time of her birth, when Kouanchao is over sixty years old and is from a country whose inhabitants have been devastated by war, would be unjust. As Judge Learned Hand wrote almost a century ago,

> No one wants gratuitously to impose upon naturalization proceedings that technical spirit which easily follows a literal application of so detailed a statute, and which results in vexatious disappointment, and in needless irritation, to a defenseless class of persons necessarily left to the guidance of officials, except in so far as the courts may mitigate the rigors of their interpretation.

*In re Denny*, 240 F. 845, 846 (S.D.N.Y. 1917).

Kouanchao made a mistake but has now expended considerable effort to have her date of birth changed. The Court is satisfied that her mistake was not made with an improper motive and that changing the date on her Certificate of Naturalization will confer no undue benefit on Kouanchao, nor will it prejudice the Government. While the United States Citizenship and Immigration Services' regulations may not permit it to administratively amend the birth date on a Certificate of Naturalization in the absence of a clerical error, 8 C.F.R. §§ 338.5, 334.16, this Court has the power to order such an amendment. 8 C.F.R. § 334.16(b); *Varghai v. I.N.S., Dist. Director,* 932 F.Supp. 1245, 1246 (D.Or.1996). *See also Matter of Shrewsbury,* 1996 WL 64988, at *1 (holding that court had jurisdiction to amend pre–1990 naturalization order). In this case, the Court finds that Kouanchao has shown good cause for amendment of her Certificate of Naturalization.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court declines to adopt the Chief Magistrate Judge's Report and Recommendation dated December 29, 2004 [Docket No. 9].

2. Chomsy Kouanchao's Petition to Amend/Correct Certificate of Naturalization [Docket No. 1] is **GRANTED**.

3. The United States Citizenship and Immigration Services shall issue an amended Certificate of Naturalization stating that Petitioner's date of birth is September 15, 1942.