**Soukanh KOUANCHAO, Petitioner,**

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. CIV. 04–50 MJDJGL.**

United States District Court,
D. Minnesota.

Feb. 22, 2005.

Roy D. Hawkinson, Hawkinson Law Office, Counsel for Petitioner.

Perry F. Sekus, Assistant United States Attorney, Counsel for Respondent.

**MEMORANDUM OF LAW & ORDER**

DAVIS, District Judge.

**I. INTRODUCTION**

The above-entitled matter comes before the Court upon the Report and Recommendation of Chief United States Magistrate Judge Jonathan Lebedoff dated December 29, 2004. Petitioner filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review the Court declines to

adopt the Report and Recommendation dated December 29, 2004.

## II. FACTUAL BACKGROUND

As a nineteen-year-old youth in Laos, Soukanh Kouanchao[1] obtained a false birth certificate showing his birth date as January 6, 1944, in order to register for high school. Kouanchao continued to use the 1944 date as his year of birth while in the Laotian military and throughout his immigration and naturalization proceedings in the United States. His Certificate of Naturalization, issued in 1984, states that his birth date is January 6, 1944.

In 1998, Kouanchao presented the following evidence to the Social Security Administration: a listing of the birth order of Kouanchao and his eight siblings, which supports a 1937 birth date, two affidavits from persons attesting that Kouanchao's birth date was February 3, 1937, and a 1995 Laotian delayed birth certificate. The delayed birth certificate contains the signatures of three witnesses verifying Kouanchao's 1937 birth date. Based on the evidence, the Social Security Administration amended his Social Security records to indicate the 1937 birth date. Kouanchao also obtained a Minnesota driver's license reflecting the 1937 birth date. When his passport expired in July 2004, he was unable to obtain a renewed passport because the birth date on his Certificate of Naturalization and expired passport did not match the birth date on his driver's license.

## III. DISCUSSION

Kouanchao bears the burden of showing that the date on his Certificate of Naturalization is incorrect and that February 3, 1937, is his correct date of birth. *See, e.g.,*

In the Matter of the Application of Ohanian, No. Misc. 93–218(RJD), 1995 WL 62733, at *2 (E.D.N.Y. Jan. 31, 1995) (unpublished) (holding that "the burden is on the petitioner to demonstrate that the birth date on the Certificate of Naturalization is not correct"). The Government correctly notes that throughout the immigration and naturalization process, Kouanchao swore multiple times that the 1944 birth date was correct. However, after fleeing a war-torn nation and possessing no documentation containing the correct date, it would have been reasonable for him to assume that confirmation of his exact birth date would have been difficult, if not impossible. *See Application of Levis,* 46 F.Supp. 527, 528–29 (D.Md.1942) (granting petition to change birth date on petitioner's naturalization records because, although "petitioner admits that he knew the date which he gave as the date of his birth was not accurate," petitioner's acts constituted "carelessness rather than wilful misrepresentation" because "[i]t was not unnatural for him to have assumed that verification of the exact date of his birth was difficult, if not impossible").

The Government is also correct that delayed birth certificates offer the opportunity for fraud. In this case, however, the delayed birth certificate contains the signatures of three persons with knowledge of Kouanchao's birth date listed on the birth certificate. Additionally, he provides affidavits of two other witnesses to his birth. As in *Levis,* the certifications and affidavits of those who claim to have witnessed Kouanchao's birth are unimpeached. "They may not be the best evidence, but they substantiate petitioner's own testimony which, standing alone, has the mark of truth and sincerity." *Applica-*

---

**1.** Throughout the record, Petitioner's name is alternately spelled "Kouachao" and "Kouanchao." Because Petitioner's identifying documents, from his Certificate of Naturalization to his driver's license, identify him as "Kouanchao," the Court will use that spelling.

*tion of Levis,* 46 F.Supp. at 529. *Cf. Liu v. I.N.S.,* No. 98–MC–139, 1998 WL 809037 (N.D.N.Y. Nov.17, 1998) (unpublished) (dismissing petition without prejudice so that petitioner could gather additional evidence when her only evidence of her true birth date was a Chinese language Household Registration Certificate accompanied by an unauthenticated translation of that document).

Although it would have been preferable for Kouanchao to have not made the mistake in the first place, or to have corrected the mistake at an earlier time, the passage of time does not bar his application. The Government has not asserted that it suffered any prejudice from the lapse of time.

The Government does not allege that Kouanchao intentionally misled it or that he received any benefit by misstating his year of birth during the immigration process. *Compare In re Hennig,* 248 F. 990, 991 (E.D.N.Y.1918) (granting petitioner's request to change the year of birth stated on his naturalization papers from 1879 to 1874 because the change "would not affect the issuance of naturalization papers, as there is nothing to indicate willful misstatement of any material fact"), *with Matter of Shrewsbury,* No. 94–16736, 1996 WL 64988, at *1 (9th Cir. Feb.12, 1996) (unpublished) (refusing to alter birth date when petitioner originally lied about her birth date in order to be eligible for marriage, and thus, for United States citizenship). If Kouanchao is now permitted to change his birth year on his Certificate of Naturalization, he will not gain additional government benefits; the Social Security Administration has already accepted that his birth year is 1937. *Cf. In re Konsh,* 188 F.Supp. 136, 137–38 (E.D.N.Y.1960) (refusing to alter birth date when petitioner did not "state what harm he might suffer if the change is not now made," but court noted that if it made the requested change, petitioner could obtain Social Security benefits four years earlier).

The Court cannot imagine, and the Government has not mentioned, any consequence arising from changing Kouanchao's Certificate of Naturalization other than his ability to renew his passport. To punish Kouanchao because he cannot produce a contemporaneously issued birth certificate, when the Government's evidence states that "[d]ocuments regarding events that took place [in Laos] before 1975 are unavailable," or because he only provided three certified signatures and affidavits of two witnesses to his birth, when Kouanchao is almost seventy years old and is from a country whose inhabitants have been devastated by war, would be unjust. As Judge Learned Hand wrote almost a century ago,

> No one wants gratuitously to impose upon naturalization proceedings that technical spirit which easily follows a literal application of so detailed a statute, and which results in vexatious disappointment, and in needless irritation, to a defenseless class of persons necessarily left to the guidance of officials, except in so far as the courts may mitigate the rigors of their interpretation.

*In re Denny,* 240 F. 845, 846 (S.D.N.Y. 1917).

Kouanchao made a mistake but has now expended considerable effort to have his date of birth changed. The Court is satisfied that his mistake was not made with an improper motive to mislead the United States Government and that changing the date on his Certificate of Naturalization will confer no undue benefit on Kouanchao, nor will it prejudice the Government. While the United States Citizenship and Immigration Services' regulations may not permit it to administratively amend the birth date on a Certificate of Naturalization in the absence of a clerical error; 8

C.F.R. §§ 338.5, 334.16, this Court has the power to order such an amendment. 8 C.F.R. § 334.16(b); *Varghai v. I.N.S., Dist. Director,* 932 F.Supp. 1245, 1246 (D.Or.1996). *See also Matter of Shrewsbury,* 1996 WL 64988, at *1 (holding that court had jurisdiction to amend pre–1990 naturalization order). In this case, the Court finds that Kouanchao has shown good cause for amendment of his Certificate of Naturalization.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court declines to adopt the Chief Magistrate Judge's Report and Recommendation dated December 29, 2004 [Docket No. 14].
2. Soukanh Kouanchao's Petition to Amend Certificate of Naturalization [Docket No. 1] is **GRANTED**.
3. The United States Citizenship and Immigration Service shall issue an amended Certificate of Naturalization stating that Petitioner's date of birth is February 3, 1937.