Petition of Nathan **KONSH** to be admitted to become a citizen of the United States.

No. 210594.

United States District Court
E. D. New York.

Oct. 31, 1960.

Schnur, Kupferman & Price, New York City, for petitioner, Theodore R. Kupferman, New York City, of counsel.

P. A. Esperdy, Dist. Director, New York Dist., Roy Babitt, New York City, Gen. Atty., Immigration and Naturalization Service, Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for Immigration and Naturalization Service.

BARTELS, District Judge.

Application in accordance with Section 334.16(b) of the Code of Federal Regulations, for an order amending the petition for citizenship and the Certificate of Citizenship of Nathan Konsh to change the year of birth and the age set forth therein.

Applicant arrived in the United States in 1929 from Montreal, Canada, under an immigration visa issued by the American Consul in Montreal. In applying for the visa applicant claimed he was born in 1909 in Poland. Annexed to that visa was his Polish passport which also indicated that his birth was in 1909 in Poland. Before filing his petition for naturalization the applicant executed and submitted in his own handwriting a preliminary application to file the petition, which likewise indicated that he was born in 1909. In his petition for naturalization which he filed in this Court, he again stated that he was born in 1909. Five years earlier, in 1930, he filed a declaration of intention to become a citizen which showed that he was born in 1909 in Poland. These are the official records of the Immigration and Naturalization Service, Department of Justice.

The applicant states that his Certificate of Citizenship issued on March 24, 1936, showed him to be 26 years of age at that time, when the fact is that at the time of its issuance he was 30 years of age. In support of his application he attaches a certificate of the County Clerk of Kings County showing his age to be 23 on December 18, 1928, when he was married, indicating that the year of his birth was 1905; a letter from East New York Savings Bank to the effect that when he opened his account with that bank on July 1, 1935 he recorded his date of birth as March 2, 1905; and finally, a photostatic copy of his Union Book issued on August 20, 1934 in the Brotherhood of Painters, Decorators and Paperhangers of America showing his age at the time of his initiation in 1934 to be 29, which establishes the year of his birth as 1905. He then swears that he was born in 1905 and requests this Court to change his Certificate of Citizenship on the ground that all of the above items antedate his Certificate and indicate that the same should be corrected to show that the year of his birth is 1905.

No explanation is given disclosing why in his previous sworn statements to the Immigration and Naturalization Service he stated that the year of his birth was 1909, nor why he waited from 1936 to the present time to apply for the amendment except that after consulting his attorney in connection with the preparation of his Will he was advised that his Certificate of Citizenship should have indicated his true age in 1936 to be 30 instead of 26. In applying for entry to this country in 1929 and also in filing his petition for naturalization there may have been good reasons for the petitioner to state his age to be five years younger than it actually was. At all events he repeated the year 1909 a sufficient number of times in this connection to make it obvious that the insertion of this year was not a mistake but was apparently done intentionally.

The applicant gives no reason why the change must now be made except that he was so advised by his attorney; nor does he state what harm he might suffer if the change is not now made. It is obvious however, and it was suggested upon the oral argument, that if the

requested change were now made in the Certificate of Citizenship, he would be in a position to seek Social Security benefits four years sooner.

Absent the showing of good cause, the Court is reluctant to order a change in the official records of the Immigration and Naturalization Service. No such cause has here been demonstrated. The Court is of the opinion that when an immigrant enters this country and applies for citizenship, his sworn statements should be true statements. If those statements are intentionally untrue the Court should not lend itself to correcting the official records based thereon, simply because the applicant subsequently finds his interest would be better served by a correction which would reveal the truth. Under the circumstances the application should be denied. In reaching this conclusion the Court makes no finding with respect to the true age of the applicant nor any finding which might prejudice his right to establish his true age in any other proceeding.

Settle order within ten (10) days on two (2) days' notice.