**Application of YU HONG TING, to Amend his Petition and Certificate of Naturalization.**

**Petition No. 668216.
Certificate No. 7607278.**

United States District Court,
S. D. New York.

March 6, 1978.

---

Richard Wong, New York City, for petitioner.

Nina Rao Cameron, Dist. Counsel, New York City, for U. S. Immigration & Naturalization Service.

## MEMORANDUM

TENNEY, District Judge.

Petitioner Yu Hong Ting has applied to the Court for an order amending his Certificate of Naturalization (No. 7607278), issued by this Court on December 19, 1958, to contain a birth date of February 28, 1915 instead of the currently recorded date of February 28, 1921. For the reasons stated below, the application is denied.

The petitioner and the United States Immigration and Naturalization Service ("INS") have submitted to the Court a number of documents (or copies thereof) which reveal no fewer than four possible birth dates for petitioner Ting. Almost all of these documents, i. e., those contained in the INS file, list either February 28, 1923, or February 28, 1921 as the correct date of birth. More specifically, it would appear that in his first contacts with the INS, beginning in the middle of 1951, petitioner Ting gave the 1923 date. Petitioner traces the initial source of this error to his giving of an erroneous date to the Selective Service System when he registered for the draft on July 10, 1951. Although petitioner contends that he gave the 1921 date to Selective Service, a letter from Selective Service to INS dated July 30, 1951 gives the petitioner's birth date as February 28, 1923, indicating that the 1923 date was given to Selective Service at the same time it was being given to INS. The 1923 date continued as the consistent date of record until January 11, 1952, when the petitioner's birth date on his application for suspension from deportation was changed by hand to read "1921" instead of the typewritten "1923." Thereafter, the date of February 28, 1921 appears on all INS papers (with the exception of the Chinese passport discussed below) and also appears in sworn testimony given by Mr. Ting before an INS hearing officer on February 18, 1953. This use of the 1921 date culminated in the inclusion of that date on the Certificate of Naturalization dated December 19, 1955.

In support of the 1915 date, petitioner submits a passport containing that birth date issued by the Liverpool, England Consulate of the Republic of China on August 31, 1943. He also submits the birth certificates of two of his daughters: when the petitioner's age listed on each of these documents is subtracted from the date of the child's birth, a birth date of 1915 is obtained for the petitioner. At the same time, however, he admits that calculations based on the birth certificate of a third daughter yield the 1921 date rather than 1915. Finally, the petitioner also submits his original application for a Social Security account number, filed on September 3, 1946. That document gives a birth date of February 22, 1916.

On this application the burden is on the petitioner to demonstrate that the birth date given on the Certificate of Naturalization is not correct. "Absent a showing of good cause, the Court is reluctant to order a change in the records of the Immigration and Naturalization Service." *Petition of Konsh*, 188 F.Supp. 136, 138 (E.D.N.Y.1960). The petitioner argues that the "error" resulted from his giving of an erroneous date to the Selective Service System and thereafter from his fear that any attempt to change that date "would somehow be used to his detriment and to impeach any statements he may make in his attempts to obtain legal resident alien status." Reply Affidavit of Richard Wong, sworn to February 13, 1978, ¶ 5. The petitioner also cites

the weakness of his English language ability as well as the complexity of converting dates from the Chinese calendar to the Western calendar as reasons both for the mistakes and for his failure to correct them.

The Court finds that these arguments, even when combined with the documents submitted by the petitioner, do not satisfy the petitioner's burden. The contention that the sole purpose of the petitioner's steadfast reliance on the 1921 date was the maintenance of a safe consistency in the face of Government inquiry is itself inconsistent with the detailed biographical information given by the petitioner in the 1953 hearing. At that time the petitioner gave a full and complete description of his early life, all of which is consistent with a birth date of 1921 and not with one of 1915:

Q For what period did you attend school?

A From age of 8 to age of 10.

Q What did you study at school?

A Chinese. Also I went to the boys army schook [sic], Shanghai from 1937 to 1939.

Q When did you leave Shanghai for the first time?

A I don't remember I first left Shanghai during the Chinese-Japanese War.

Q About what year was that?

A In about 1942 when I was 21 years old.

Q Up until 1942, please describe all the activities in which you were engaged in Shanghai?

A I was a boy scout from age 16 to 17, and I was in the Chinese Army from age 19 to 21.

Q Was that the Chinese Nationalist Army?

A Yes.

Q When you left Shanghai in 1942, where did you go?

A Hong Kong.

Hearing of February 18, 1953, at 4. These dates are fully consistent with an earlier statement of the petitioner in a document dated July 10, 1951, that he was in the Chinese Army from 1940 to 1943: if the petitioner was born in 1921 and was in the army from age 19 to age 21, then his dates of army service would run from 1940 to 1942 or early 1943, as was stated at the 1953 hearing. Furthermore, this hearing was conducted in "Chinese—Shanghai Dialect" and translation was provided by an INS interpreter, Hearing of February 18, 1953, at 1, negating reliance on language problems as a source of confusion.

The Court is aware that the two earliest documents submitted—the 1943 passport and the 1946 Social Security application—contain dates of 1915 and 1916. The Court is also aware that the use of a date of 1921 or 1923 for Selective Service purposes in 1951 was definitely not to the petitioner's advantage at that time but to his detriment. Nevertheless, the many documents which contain the dates 1921 and 1923 are corroborated by the petitioner's own biographical statement, quoted above, which was given under oath to an INS hearing officer. As Judge Bartels stated in Petition of Konsh, *supra,*

[t]he Court is of the opinion that when an immigrant enters this country and applies for citizenship, his sworn statements should be true statements. If those statements are intentionally untrue the Court should not lend itself to correcting the official records based thereon, simply because the applicant subsequently finds his interest would be better served by a correction which would reveal the truth.

188 F.Supp. at 138. The Court concludes that in view of the state of the evidence and in light of the policy supporting the accuracy of sworn statements incorporated into INS documents, the petition should be denied.

So ordered.