878 F.2d 1446
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gene C. BRYANT, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 89-3104.
 United States Court of Appeals, Federal Circuit.
 June 12, 1989.
 
 Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 DECISION
 NEWMAN, Circuit Judge.
 
 
 1
 Petitioner Gene C. Bryant, appearing pro se, appeals from the adverse decision of the Merit Systems Protection Board, Docket No. DA831M8810280, holding that he had received overpayment of $110,831.20 in his civil service retirement annuity. We vacate the denial of the requested waiver and remand for determination of an appropriate partial waiver or suitable compromise of the overpayment.
 
 OPINION
 
 2
 Mr. Bryant's dilemma originated in December 1941. Then fifteen years and eight months of age, having been born on April 13, 1926, Mr. Bryant enlisted in the United States Marine Corps, declaring his birth date to be April 13, 1924. He served with the military until February 1964, joined the civilian federal service in June 1964, and remained in federal employment, continuing to use the birth date of April 13, 1924, until he retired in May 1979. In accordance with 5 U.S.C. Sec. 8336(a), a federal employee with thirty years of service can retire with pension at age fifty-five. Mr. Bryant, with thirty-six years of service, was fifty-five based on the birth date on all his governmental records of military and civilian service.
 
 
 3
 In June 1987 OPM notified Mr. Bryant that he had become entitled to social security payments in 1986, when he turned sixty-two; the focus was adjustment of pension payments under 5 U.S.C. Sec. 8332(j). Mr. Bryant responded that he was not yet entitled to social security payments because he was born not in 1924 but in 1926, and enclosed his birth certificate. His social security records showed the birth date of April 13, 1924.
 
 
 4
 OPM immediately ceased payment of all retirement benefits, and demanded repayment of the full amount paid since May 1979, a total of $110,831.20. OPM required payment within thirty days. OPM informed Mr. Bryant that it will deduct any unpaid amount from any alternative military annuity that Mr. Bryant may be entitled to, and will collect any unrecovered balance in installments from any future annuity payments.
 
 
 5
 The Board held that since Mr. Bryant's true age was fifty-three when he retired in 1979, he was entitled to no Civil Service pension until 1988, when his true age became sixty-two. The Board also affirmed OPM's refusal to grant the waiver authorized by 5 C.F.R. Sec. 831.1401, holding that although hardship had been shown, Mr. Bryant was not without fault, having preserved unto retirement his false age.
 
 Discussion
 
 6
 In accordance with 5 C.F.R. Sec. 831.1401, recovery of an overpayment of annuity may be waived when the annuitant is "without fault and recovery would be against equity and good conscience." 5 C.F.R. Sec. 831.1403 defines recovery as against equity and good conscience when:
 
 
 7
 (1) It would cause financial hardship to the person from whom it is sought;
 
 
 8
 (2) The recipient of the overpayment can show (regardless of his or her financial circumstances) that due to the notice that such payment would be made or because of the incorrect payment he/she has relinquished a valuable right or changed positions for the worse; or
 
 
 9
 (3) Recovery would be unconscionable under the circumstances.
 
 
 10
 5 C.F.R. Sec. 831.1406 states the circumstances in which waiver of an overpayment can not be granted:
 
 
 11
 (1) The overpayment was obtained by fraud: or
 
 
 12
 (2) The overpayment was made to an estate.
 
 
 13
 In Gomez v. Office of Personnel Management, 29 M.S.P.R. 612, aff'd, 809 F.2d 789 (Fed.Cir.1986), cert. denied, 479 U.S. 1094 (1987), the Board held that recovery is against equity and good conscience when financial hardship has been shown. It is stated to be OPM policy to waive recovery of amounts that accrued more than three years prior to the date that the overpayment ended. See, e.g., Kopp v. Office of Personnel Management, 38 M.S.P.R. 430, 431 n. 2 (1988) (noting OPM's "policy that it would be unconscionable to collect the amount that accrued more than 3 years prior to the date that the overpayment ended").
 
 5 C.F.R. Sec. 831.1401 provides that when
 
 14
 the recipient of an overpayment is ineligible for waiver, the individual is nevertheless entitled to an adjustment in the recovery schedule if he/she shows that it would cause him/her financial hardship to make payment at the rate scheduled. [Emphasis added]
 
 
 15
 The record before us shows the immediate cessation of Mr. Bryant's annuity, and that he lost his home, was forced into bankruptcy, and was obliged to move himself and his wife in with his daughter. It is uncontroverted that the adjustment required by 5 C.F.R. Sec. 831.1401 was not made.
 
 
 16
 The government asserts that Mr. Bryant's fault bars his eligibility for waiver. However, there is no allegation or finding of fraud; it is undisputed that there was no intent to deceive.[1] There is no dispute as to severe hardship, or Mr. Bryant's thirty-six years of exemplary military and civilian service, or the precipitous elimination of pension payments without allowing time for Mr. Bryant to arrange for the military pension to which he was then entitled. The record does not show compliance by the government with its own regulations requiring the mitigation of hardship. The existence and terms of 5 C.F.R. Sec. 831.1401 et seq. show the intention of the government that equitable aspects be given due consideration.
 
 
 17
 The record provided us does not contain information sufficient to determine the extent of mitigation appropriate in view of the governing regulations and the facts of this case. For example, Mr. Bryant states that he believed, and believes, that he retired under the act which authorizes retirement of firefighters at age fifty with twenty years of service. Whether or not this is correct--and the government asserts it is not--the record shows an unexplained lack of response by OPM to Mr. Bryant's requests for his personnel file, which he hoped would confirm his belief. He appears to have been sent on a fruitless chase to the wrong location, and to have been denied assistance until Congressman McCloskey told him what to do, albeit at a date after the Administrative Judge's decision. The question of Mr. Bryant's retirement form is not responded to by the government, although Mr. Bryant again raised the issue in his informal brief. The government correctly criticizes Mr. Bryant's failure to correct his age[2] or to work for an additional two years. However, in OPM's failure to apply its own regulations, the hardship directly imposed caused irreversible harm. We vacate the Board's decision, and remand for determination of an appropriate waiver or suitable compromise, in light of the applicable regulations and with due consideration to the equitable principles set forth in 5 C.F.R. Sec. 831.1403, an adjusted recovery schedule as is required under 5 C.F.R. Sec. 831.1401, and the waiver policy stated in Kopp, 37 M.S.P.R. at 431 n. 2.
 
 
 
 [1]
 Mr. Bryant, in his response to OPM's advice that the Social Security Administration had certified his eligibility for payments, wrote "Your correspondence gives me the excuse and opportunity to straighten out the age questions. Thank You."
 
 
 [2]
 We note that Mr. Bryant may not have found it easy to correct his birth date, should such a change have been to his benefit. See, e.g., Application of Yu Hong Ting, 446 F.Supp. 203 (S.D.N.Y.1978); Petition of Konsh, 188 F.Supp. 136, 138 (E.D.N.Y.1960); Goldstein v. Secretary of Dep't of Health and Human Services, No. CV-87 961 (E.D.N.Y. Mar. 28, 1989); In re Fox' Estate, 178 Misc. 725, 36 N.Y.S.2d 267 (N.Y.Sur.1942)